■ JAMES ROSSI, Respondent, v F. W. WOOLWORTH Co., Appellant.— Order of injunction *pendente lite,* Supreme Court, New York County, entered September 2, 1975, reversed, on the law and in the exercise of discretion, the injunction vacated, the motion therefor denied, and the complaint dismissed, without costs and without disbursements. It is an ancient rule that relief such as that here granted may issue only on showing of clear entitlement thereto. (See *Brass v Rathbone,* 153 NY 435.) There is no such showing here. We have not seen a single case holding that the report required of a corporation by SEC regulations to be sent to stockholders is a document used for the purpose of soliciting patronage, the ordinary meaning of "advertising purposes, or for the purposes of trade" (Civil Rights Law, § 50). That publication may actually be regarded, though we find it unnecessary to reach the question, as no more than "the presentation * * * of a matter of legitimate public interest," to which the picture, showing as it did the operation of a typical store operated by defendant, "bears a reasonable relationship." *(Pagan v New York Herald Tribune,* 32 AD2d 341, 343.) Further, there is no showing of any actual damage to plaintiff. The motion for injunctive relief apparently came on before joinder of issue. Defendant's answer is neither in the record before us nor recited in the order under consideration. Though Special Term's memorandum opinion refers to a concession that it is plaintiff who is portrayed in the blurred photograph on the cover of the exhibit, a basis for this concession is not found in the record. Further, he was not recognized by the majority of this court as he appeared *pro se* to argue before us. We are not required to disregard our own senses. Not alone is there no basis for injunctive relief, but the suit is clearly without merit at all, and we deem it proper to dismiss a complaint which sets forth what is at best a *de minimis* matter. Concur—

Stevens, P. J., Silverman and Markewich, JJ.; Kupferman and Birns, JJ., dissent in the following memorandum by Kupferman, J.: F. W. Woolworth Co. is a large retail chain with a substantial number of stockholders. In order to demonstrate to its stockholders, who presumably are also customers, the operation of a typical store, the cover of its annual report for 1974, issued in accordance with the rules of the Securities and Exchange Commission, contains a picture of the plaintiff, an attorney, as a customer. Although the photograph in its picturization of the plaintiff is deliberately blurred, he can be identified. He did not discover this use of his photograph until after the report had been substantially distributed, and so this proceeding is to a large extent academic. While 122,000 copies of the report with the cover photo were mailed to stockholders of record, and other copies were sent to the regional offices of F. W. Woolworth throughout the country, there were some 40,000 copies on hand when the action was commenced. It is stated that they were intended primarily for new stockholders of the company. Of course, at this date, if a report was sent to a new stockholder, it would be a later report. Despite an able argument made by counsel for the appellant, I am satisfied that the use of this photograph is an infringement of the plaintiff's right of privacy pursuant to sections 50 and 51 of the Civil Rights Law. (See, in general, Hofstadter & Horowitz, Right of Privacy, Name or Likeness in Publications other than News, ch 12 [Central Book Co., 1964].) While it is contended by the defendant that this is merely an incidental use, there is no doubt that a deliberate choice was made of this photograph without seeking the permission of the customers who were in the store and in the photograph at the time. There is no reason why a purchaser in a retail establishment should find his picture on the cover of the company's annual report, without his permission. "Defendant is not a news or periodical or book publisher; and no issue is presented involving a genuine news medium." *(Reilly v Rapperswill Corp.,* 50 AD2d 342, 344.) The use of photographs has been the subject of consideration in *Booth v Curtis Pub. Co.* (15 AD2d 343, affd 11 NY2d 907) and *Namath v Sports Illustrated* (48 AD2d 487, affd on opn of Capozzoli, J., 39 NY2d 897). However, in both of these cases, even though photographs were used in advertisements, they were of public figures, and the photographs initially had been used in the news media for which the subsequent advertisement was merely an extension. Here we have a business use, which puts to the test the question of whether the right of privacy provided for in the Civil Rights Law of the State of New York is viable any longer.