■ FRANK GRIFFIN, Appellant, v HARRIS, BEACH, WILCOX, RUBIN AND LEVEY et al., Respondents.—Levine, J. Appeal from an order and judgment of the Supreme Court at Trial Term (Crew, III, J.), entered December 4, 1984 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

In May 1983, an action was commenced in the United States District Court for the Western District of New York against, among others, the United States Department of Housing and Urban Development and the City of Binghamton challenging the use of Federal funds to finance the construc-

tion of a Marriott Hotel in Binghamton. The named plaintiffs in that action were Opportunities for Broome, Inc. (OFB), a nonprofit organization established to act as an advocate of the poor and disadvantaged, and seven individuals, one of whom was plaintiff herein. The law firm of Harris, Beach, Wilcox, Rubin and Levey, a named defendant in the present suit, represented all of the plaintiffs in the Federal action.

Shortly after the commencement of the Federal action, plaintiff moved to have his name removed from the pleadings. Alleging that he had been named as a plaintiff in that action without his consent, he commenced the present lawsuit against the law firm and two of its members. Plaintiff, a member of the board of directors of OFB, alleged three causes of action: (1) invasion of his right to privacy under Civil Rights Law § 51, (2) abuse of process, and (3) prima facie tort. In essence, he charged that the Federal action was a scheme by Ara, Harry and Diran Kradjian, a group of individuals who own an existing hotel in downtown Binghamton. According to plaintiff, the Kradjians retained defendants to block the planned construction of the Marriott Hotel to protect their financial interests. Plaintiff alleged that the Federal action was merely a ruse to demonstrate alleged community opposition to the use of Federal funds for the construction of the privately owned hotel, and that his name was therefore used for advertising or commercial purposes. Finally, plaintiff claimed that, as a member of the board of directors of OFB, the appearance of his name in the local newspaper as a plaintiff in the Federal action, an affiliation totally against his beliefs and personal viewpoint, caused him extreme emotional distress, embarrassment and humiliation.

Immediately prior to the time of trial in this action, defendants moved to dismiss the complaint for failure to state a cause of action. Trial Term granted the motion and this appeal ensued.

Trial Term was correct in its ruling that plaintiff failed to state a cause of action under Civil Rights Law § 51. That section protects a person's right to privacy to the extent that it prohibits the use of his name, portrait or picture for "advertising purposes or for the purposes of trade" unless that person has given written consent for the use thereof (see, *Davis v High Socy. Mag.,* 90 AD2d 374, 378, n 2, *appeal dismissed* 58 NY2d 1115). Plaintiff conceded before Trial Term that his name was not used for "advertising purposes". Accordingly, our inquiry is limited to whether his name was used for the " 'purposes of trade' ", i.e., whether it attracted

customers to the user (*see, Flores v Mosler Safe Co.,* 7 NY2d 276, 284) and/or helped the user to make a profit (*Delan v CBS, Inc.,* 91 AD2d 255, 259).

Plaintiff argues that defendants used his name in their Federal action in an effort to defeat the plan to build a competing hotel, calculating that plaintiff's reputation as a representative of the poor would rally the community to oppose it. To buttress this argument, plaintiff alleges that after the Federal action was begun, the Kradjians informed the local newspaper that the suit was evidence of the community's opposition to the new hotel. Even if there is any truth to these allegations, the use of plaintiff's name in this context is not sufficiently related to a commercial end to constitute a use "for the purposes of trade" as required by Civil Rights Law § 51 (*see, Murray v New York Mag. Co.,* 27 NY2d 406, 409). While such use might have been inspired by the profit motive, that is not, by itself, a sufficient foundation for this cause of action (*see, Davis v High Socy. Mag., supra,* p 379). The mercantile rewards for naming plaintiff in that suit were far too remote and speculative.

We also agree with Trial Term's refusal to recognize plaintiff's cause of action for "placing him in a false light". To impose liability on such a theory, the publicity complained of must be of a kind that is highly offensive to a reasonable person (*Arrington v New York Times Co.,* 55 NY2d 433, 442, *cert denied* 459 US 1146; Prosser & Keeton, Torts § 117, at 865 [5th ed 1984]). Further, it applies "only when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity" (Restatement [Second] of Torts § 652E comment c, at 396 [1977]). First, we note that it is unclear whether this cause of action is cognizable in this State (*see, Arrington v New York Times Co., supra,* p 442). Second, were we to recognize it here it could scarcely be said that the naming of plaintiff as a party to the Federal action was so "highly offensive" to a reasonable person as to be actionable. It should be noted that OFB has continued in the role of plaintiff in that suit without suffering any apparent loss of face. Lastly, plaintiff neither pleaded this cause of action in his complaint nor argued it before Trial Term. Hence, it may not be reviewed here.

Finally, as plaintiff has not briefed the propriety of Trial Term's dismissal of his remaining causes of action, they must be deemed abandoned (*Matter of Smith,* 91 AD2d 789, 790).

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur. [126 Misc 2d 209.]