■ ANDREW F. CAPOCCIA et al., Appellants, v LESLIE COUCH et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered January 7, 1987 in Albany County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff Andrew F. Capoccia is a licensed attorney who practices law as a professional corporation, of which he is the sole shareholder, viz., plaintiff Andrew F. Capoccia, P. C. Capoccia was suspended from practicing law by this court for six months, commencing February 21, 1985. Shortly after the Committee on Professional Standards (hereinafter the Committee) notified this court that it would not object to Capoccia's reinstatement, defendants, two licensed attorneys, furnished the Committee with material questioning Capoccia's compliance with this court's order of suspension. The Committee held its previous approval in abeyance and conducted a second hearing and investigation following which it concluded that, although Capoccia had knowingly omitted certain information from his reinstatement application, there was no proof that he failed to comply with the suspension order. On December 20, 1985, this court granted Capoccia's application for reinstatement, effective immediately.

Plaintiffs then commenced this action against defendants based on their communication with the Committee. Five causes of action are asserted: conspiracy, malicious prosecution, abuse of process, libel and intentional infliction of emotional distress. Defendants' motion, made pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, was granted and plaintiffs appeal. We affirm.

In *Wiener v Weintraub* (22 NY2d 330, 332), the Court of Appeals held that a plaintiff's libel claim was barred by the absolute privilege that attaches to attorney disciplinary proceedings by virtue of their quasi-judicial character *(supra,* at 331-332). This decision expressly interdicts plaintiffs' libel action and the related, legally noncognizable, claim of conspiracy to libel.

While an action for malicious prosecution may arise out of quasi-judicial administrative actions *(see, Groat v Town Bd.* 73 AD2d 426), attorney disciplinary proceedings are distinguishable, if for no other reason, because of the important policy underlying the absolute privilege accorded disciplinary proceeding complainants; that is, to maintain the high standards of the Bar by encouraging those with knowledge of dishonest or unethical conduct to share that information with the Committee *(see, Wiener v Weintraub, supra).* To allow viability to a malicious prosecution claim, or any of the other causes of action alleged herein, would chill this policy just as effectively as would the availability of a libel cause of action, and this policy should be protected even if the complainants, as here, are attorneys. Indeed, it would appear that the privilege is

less susceptible of abuse by attorneys for complaints can in turn be lodged against them should they make false and reckless allegations.

Order affirmed, with one bill of costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.