■ Sheila Marks, Respondent, v Elephant Walk, Inc., Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract, defamation and invasion of privacy, the defendant Elephant Walk, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Cohen, J.), dated September 27, 1988, as denied its motion to dismiss the third cause of action asserted in the plaintiff's verified complaint and granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion to dismiss the third cause of action is granted and that cause of action is dismissed, and that branch of the cross motion which was for leave to serve an amended complaint is denied.

The record demonstrates that on October 28, 1986, the plaintiff, a fashion designer, entered into an agreement to render services as a design consultant to the appellant, a maker of handbags and accessories. The agreement was for a three-month period from November 1986 to January 1987 during which the plaintiff was to receive $2,000 per month.

In January 1987 an article appeared in Women's Wear Daily, regarding an interview with the appellant's president. The article generally discussed the appellant's business and the manner in which it was founded. Moreover, it contained the following statement, which was not a direct quote of the president: "This fall [the plaintiff] has joined the firm as designer. She was with Morris Moskowitz in New York".

When the plaintiff did not receive the $2,000 payments for December 1986 and January 1987 she commenced the instant action, *inter alia,* to recover damages for breach of her employment agreement. Additionally, the third cause of action of her complaint against the appellant sought damages for defamation and invasion of privacy in violation of Civil Rights Law §§ 50 and 51 based on the article which appeared in Women's Wear Daily. The plaintiff maintained that the reference to her in the article erroneously depicted her as a full-time, permanent employee of the appellant and that the appellant had "damaged my business reputation by associating me with a company in financial difficulty with a bad financial reputation". With regard to her invasion of privacy claim, the plaintiff contended that her name had been used for trade purposes without her consent and that "its impact in attracting trade customers was intended to be momentous".

The appellant moved to dismiss the third cause of action of the complaint pursuant to CPLR 3211 and 3212, reasoning that the reference to the plaintiff in the article was substantially true and could not reasonably be construed as defamatory. It also argued that the mention of the plaintiff's name was merely incidental and was insufficient to support an invasion of privacy claim. The plaintiff opposed the motion and also contended that the appellant's motion papers were inadequate under CPLR 3212 because they included only an affidavit of an attorney. Additionally, she cross-moved, *inter alia,* for leave to serve an amended complaint asserting the two foregoing causes of action separately.

The Supreme Court denied the appellant's motion to dismiss and granted that branch of the plaintiff's cross motion which was for leave to serve an amended complaint. We now reverse insofar as appealed from.

At the outset, we reject the plaintiff's challenge to the adequacy of the appellant's motion papers, as the notice of motion was accompanied not only by an attorney's affirmation, but also by relevant documentary evidence *(see, Olan v Farrell Lines,* 64 NY2d 1092).

Turning to the merits, we note that the question of "[w]hether particular words are defamatory presents a legal question to be resolved by the court in the first instance" *(Aronson v Wiersma,* 65 NY2d 592, 593). Considering the statement complained of in this case in the context of the entire article and as an average reader would view it *(see, Aronson v Wiersma, supra; Noble v Creative Tech. Servs.,* 126 AD2d 611), we conclude that it is not reasonably susceptible of a defamatory meaning. Indeed, the mere reference to the plaintiff as having "joined the firm as designer" does not in any manner comment upon the quality of her work and therefore does not defame her in her trade, business or profession. Moreover, the purported extrinsic fact presented by the plaintiff to the effect that the appellant is a financially troubled business entity does not render the statement defamatory, as there is no suggestion that the plaintiff's work was unsatisfactory or causally related to the appellant's alleged fiscal difficulties. Furthermore, the challenged statement is not actionable as defamation because the record demonstrates that it is substantially true and factually accurate *(see, e.g., Velella v Benedetto,* 83 AD2d 465, *affd* 57 NY2d 788). The employment agreement itself establishes that the plaintiff is a designer who in fact was hired to perform services as a designer by the appellant. While the challenged statement

refers to the plaintiff "joining" the appellant and is therefore susceptible of an interpretation that she was a full-time, permanent employee of the firm, rather than an independent consultant, this single disparity does not render the statement defamatory. Indeed, whether her role was viewed as that of an independent design consultant or a permanent employee, the fact remains that the plaintiff herself chose to become professionally associated with the entity which she now claims has "a bad financial reputation".

The plaintiff similarly has failed to assert a viable claim to recover damages for invasion of privacy pursuant to Civil Rights Law §§ 50 and 51. It is well settled that where, as here, a reference to an individual is "fleeting and incidental", it will not be actionable as a nonconsensual use of that person's name for the purpose of advertising or trade (see, *Delan v CBS, Inc.*, 91 AD2d 255, 260; *see, Rossi v Woolworth Co.*, 56 AD2d 566). Moreover, under the facts of this case, the potential rewards for using the plaintiff's name were too remote and speculative to sustain her claim (see, *Griffin v Harris, Beach, Wilcox, Rubin & Levey*, 112 AD2d 514). Even if it could be demonstrated that the reference to the plaintiff in the article was made with the intent to solicit business, the good faith of the plaintiff's invasion of privacy claim would be rendered highly suspect by her admission in the record that she understood that the appellant desired her services as a design consultant because her "talents, knowledge and reputation, could bring [the appellant] from a regional 'gimmicky' resource to prominence in the United States". Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.