■ BARBARA KRAUS et al., Respondents, v ROBERT BRANDSTETTER, Appellant, et al., Defendants.—In an action to recover damages for defamation, conspiracy to defame, intentional infliction of emotional distress, loss of consortium, and wrongful termination of employment, the defendant Robert Brandstetter appeals from so much of an order of the Supreme Court, Westchester County (Miller, J.), entered August 10, 1989, as denied those branches of his motion which were to dismiss the first, second, fifth, and sixth causes of action alleging libel, conspiracy to defame, slander, and a derivative claim by Joseph Kraus to recover damages for loss of consortium, respectively, insofar as asserted against the appellant.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant Brandstetter's motion which was to dismiss the fifth cause of action sounding in slander insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff-respondent, Barbara Kraus, was the vice-president of nursing services for the New Rochelle Hospital Medical Center (hereinafter the hospital). On or about October 14, 1987, Kraus reported to the director of medicine that she had been told by nurses who worked in the Intensive Care Unit that the defendant-appellant Dr. Robert Brandstetter had failed to perform bronchoscopies on four patients, that Dr. Brandstetter had nevertheless reported in the patients' charts that he had performed the bronchoscopies, and that patient consent forms had been forged by him. While the hospital's Law Committee found that Kraus's actions in reporting Dr. Brandstetter had been proper, the hospital subsequently exonerated Dr. Brandstetter with regard to any alleged misconduct, and Kraus was discharged on June 6, 1988.

In her verified amended complaint dated June 29, 1988, Kraus alleged that Dr. Brandstetter defamed her on two separate occasions. First, as stated in the fifth cause of action, Kraus alleged that Brandstetter, in the presence of members of the nursing staff, stated, "You nurses will receive your Christmas bonus early, your boss is going to get fired". Second, as stated in the first cause of action of her complaint as against all the defendants, including Brandstetter, Kraus

alleged that a publication of the Medical Board's newsletter was disseminated to no less than 300 people throughout the hospital and the medical community at large, containing the following statement: "A motion was made and unanimously passed that the Medical Board, representing the entire Medical Staff of New Rochelle Hospital Medical Center unanimously expresses its continuity of support and solidarity with the Nursing Staff of NRHMC. Furthermore, it has sincere appreciation of the efforts of the Nursing Staff over the past years on behalf of the patients at NRHMC. *However, this Medical Board is unanimous [sic] in a vote of no confidence in the Vice President Nursing Services, Mrs. Barbara Kraus*" (emphasis supplied). In addition to the two aforementioned causes of action, Kraus alleged causes of action sounding in intentional infliction of emotional distress, conspiracy to defame, and loss of consortium on behalf of her husband against Dr. Brandstetter and the other defendants. While the Supreme Court granted those branches of Dr. Brandstetter's motion which were to dismiss the third and fourth causes of action sounding in intentional infliction of emotional distress insofar as asserted against him, those branches of Dr. Brandstetter's motion which were to dismiss the first, second, fifth, and sixth causes of action alleging libel, conspiracy to defame, slander, and loss of consortium respectively insofar as asserted against him were denied.

We agree with the Supreme Court that Kraus stated a legally sufficient cause of action sounding in libel per se. By couching their determination in terms of a vote, the Medical Board created the impression that their determination was "based upon facts which justif[ied] the opinion but [were] unknown to those reading * * * it [and therefore] it is a 'mixed opinion' and is actionable" *(Steinhilber v Alphonse,* 68 NY2d 283, 289). Further, since the statement, on its face, is susceptible of a construction that would tend to injure Kraus in her capacity as a professional, the statement is libelous per se *(see, November v Time, Inc.,* 13 NY2d 175, 178-179). Indeed, when making a determination as to whether a statement is capable of defamatory meaning, the statement is not to be construed with the close precision expected from lawyers and Judges, but as it would be read and understood by those to whom it is addressed *(see, November v Time, Inc., supra).* In this case, the reasonable interpretation of the statement in the newsletter was that Kraus was "incompetent" in her professional capacity. Contrary to Dr. Brandstetter's contention, the allegations asserted in the first cause of action

sounding in libel per se are not akin to those in *Aronson v Wiersma* (65 NY2d 592) since the statement complained of in the newsletter herein did not relate to Kraus's work performance but rather her abilities as a professional in general. Indeed, the newsletter did not point to a specific instance where Kraus had not fulfilled her specific duties as a nurse.

However, we agree with Dr. Brandstetter's claim that the fifth cause of action, sounding in slander, should have been dismissed as legally insufficient. The statement made to the nursing staff by Dr. Brandstetter was not slander per se, since it did not tend to injure Kraus in her professional capacity *(see, Aronson v Wiersma, supra,* at 594; *Mock v LaGuardia Hospital—Hip Hosp.,* 117 AD2d 721, 722). In addition, in order to be actionable in defamation, a statement must be both false and defamatory. Since Dr. Brandstetter stated that Kraus was going to be fired in the future, and Kraus was subsequently fired on June 6, 1988, the challenged statement was substantially true, and therefore, not defamatory *(see, Marks v Elephant Walk,* 156 AD2d 432; *Mock v LaGuardia Hospital—Hip Hosp., supra,* at 722).

In light of our determination with respect to the first cause of action, we find no merit to Dr. Brandstetter's contentions that the second and sixth causes of action should be dismissed. Lawrence, J. P., Sullivan, Harwood and O'Brien, JJ., concur.