OPINION OF THE COURT
Peter Tom, J.
In this action to recover damages for malicious prosecution and abuse of process, plaintiff, Harold Klapper, an attorney, moves for summary judgment on the complaint against all the defendants except New York University.
Defendants, Charles M. Guria, William E. Jackson, Hal R Lieberman and Richard Maltz (the State defendants), cross-move to dismiss the complaint pursuant to CPLR 3211 (a) (2), (5) and (7) upon the grounds 1) the action is barred under the doctrine of quasi-judicial immunity; 2) absolute privilege; 3) plaintiff’s claims are, in part, time barred; and 4) failure to state a cause of action.
Defendants, Herrick & Feinstein, Zitrin, M.D. (Zitrin), Stereo Exchange, Inc., cross-move for summary judgment dismissing the complaint pursuant to CPLR 3212.
Defendant, Schizer & Schizer (Schizer), cross-moves for an order dismissing the complaint pursuant to CPLR 3211 (a) (7) and CPLR 3212, and for an award of costs and/or sanctions against plaintiff pursuant to 22 NYCRR 130-1.1 for commencing a frivolous action and this motion.
Plaintiff, and defendants Herrick & Feinstein, and Schizer & Schizer are practicing attorneys. Defendant Zitrin is a medical doctor and psychiatrist and has served for many years as a consultant to the Departmental Disciplinary Committee of the Supreme Court, Appellate Division, First Judicial De *728 partment (the Disciplinary Committee). The State defendants are attorneys consisting of the former chairman of and three counsel to the Disciplinary Committee.
Defendants Stereo and Schizer were both previously sued by plaintiff for legal fees. Herrick & Feinstein represented Stereo in that lawsuit.
The undisputed facts are as follows: On or about February 28, 1990, the Disciplinary Committee commenced a petition (the petition) against plaintiff before the Supreme Court, Appellate Division of the State of New York, to suspend plaintiff "from the practice of law, effective immediately and for an indefinite period and until further order of this Court, upon the grounds that (plaintiff) is incapacitated from continuing to practice law by reason of mental infirmity.” The Disciplinary Committee further moved for an order requiring an examination of the plaintiff by an independent psychiatrist.
The petition was based upon, inter alla, three separate complaints received by the Disciplinary Committee between late 1988 and early 1989 (including complaints submitted by two of the codefendants in this action, to wit, Stereo Exchange, Inc. [Stereo] and Schizer & Schizer), and upon plaintiff’s appearance and response to the Disciplinary Committee concerning these complaints. The complaints alleged that plaintiff engaged in professional misconduct by, among other things, filing frivolous lawsuits and engaging in bizarre behavior which included physical threats and assaultive conduct.
Prior to the commencement of the petition, Dr. Zitrin was requested by the Disciplinary Committee to review various materials concerning the plaintiff, including a transcript of a deposition of the plaintiff conducted before the Disciplinary Committee, and to render his professional opinion regarding whether there were grounds for the Disciplinary Committee to require plaintiff to undergo a psychiatric examination. Dr. Zitrin concluded that substantial grounds existed for the Disciplinary Committee to require plaintiff to have a psychiatric examination and advised the Committee of his determination by letter dated January 29, 1990 marked "Privileged and Confidential”.
On or about March 23, 1990, plaintiff cross-moved for summary judgment to dismiss the petition and for a permanent and temporary stay. On or about July 11, 1990, the Justices of the First Department granted plaintiff’s cross motion and dismissed the petition in its entirety.
*729 As a first cause of action for malicious prosecution as against the State defendants, plaintiff alleges that the commencement of the petition and the prosecution by said defendants was malicious and without probable cause.
The second cause of action for malicious prosecution as against Dr. Zitrin and New York University alleges that the participation by Dr. Zitrin in supporting the petition, and the support by New York University in allowing its facilities and prestige to support the petition, was without probable cause and justification.
The third cause of action for malicious prosecution as against Schizer, Stereo and Herrick & Feinstein is based upon allegations that the complaints of Schizer and Stereo were maliciously brought to the attention of the Disciplinary Committee without probable cause or justification and were intentionally false. Herrick & Feinstein were the attorneys for Stereo in an action brought by plaintiff for the recovery of legal fees. Plaintiff claims that Herrick & Feinstein, inter alia, "induced and directed” Stereo’s complaint to the Disciplinary Committee and that said law firm supported "the false, malicious and without probable cause Petition.”
Finally, as a fourth cause of action against all the defendants, plaintiff asserts abuse of process based upon, inter alla, defendants’ alleged knowledge of the falsity of the charges brought against plaintiff in the petition.
Pursuant to section 90 (2) of the Judiciary Law, the Supreme Court has power and control over attorneys and "the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice who is guilty of professional misconduct * * * or any conduct prejudicial to the administration of justice”.
Under 22 NYCRR 603.4 (a) (1), each Judicial Department appoints a Departmental Disciplinary Committee and a chief counsel and supporting staff to such Committee who have the duty and power to investigate and prosecute matters involving alleged misconduct by attorneys. The rules and procedures of the Departmental Disciplinary Committee, promulgated by the First Judicial Department, set out the conduct for disciplinary proceedings. (22 NYCRR part 605.) The office of chief counsel is empowered to investigate all complaints relating to an allegation of misconduct of an attorney, "as are deemed appropriate”. This includes, if necessary, assisting the com *730 plainant in drawing up the complaint, investigating the basis for each complaint and affording the respondent an opportunity to respond to the allegations of misconduct (22 NYCRR 605.6). In addition, pursuant to 22 NYCRR 603.16 (b) (1), the Disciplinary Committee is empowered to petition the Appellate Division "to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness * * * [and the Appellate Division] may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate.”
Based upon its investigation and plaintiff’s appearance and response at a hearing, the Disciplinary Committee proceeded to petition the Appellate Division to determine whether plaintiff was incapacitated from continuing to practice law by reason of mental infirmity pursuant to 22 NYCRR 603.16 (b) (1). Subsequently, the Appellate Division dismissed the petition.
The court finds that the complaint fails to state a cause of action against the State defendants.
The doctrine of judicial immunity (see, Stump v Sparkman, 435 US 349; Word v City of Mount Vernon, 65 AD2d 622, lv denied 47 NY2d 706) extends to non-Judges in the cloak of quasi-judicial immunity where they perform "discretionary acts of a judicial nature.” (Oliva v Heller, 839 F2d 37, 39 [2d Cir 1988].) The State defendants on behalf of the Disciplinary Committee performed a judicial function in their investigation of plaintiff’s alleged misconduct and commencement of the petition. (See, Middlesex Ethics Comm. v Garden State Bar Assn., 457 US 423, 434; Erdmann v Stevens, 458 F2d 1205, cert denied 409 US 889.)
It is undisputed that the Disciplinary Committee had the power and the duty to investigate these complaints. Plaintiff concedes that he had the opportunity to respond to the charges asserted against him and in fact appeared at the office of the Disciplinary Committee on July 18, 1989 to respond, on the record, to questions asked of him by defendant, staff counsel Charles M. Guria on behalf of the Disciplinary Committee. It is clear that the State defendants acted under authority of, and in full compliance with, governing statutes and regulations in investigating and prosecuting the alleged acts of misconduct attributed to the plaintiff and that their *731 actions constituted discretionary conduct of a quasi-judicial nature for which they have absolute immunity.
In addition to a quasi-judicial function, the State defendants performed a prosecutorial function as well. (See, Rapoport v Departmental Disciplinary Comm., 1989 WL 146264 [SD NY, 88 Civ 5781 (MJL)].) A prosecutor’s quasi-judicial immunity is well established. The purpose of the immunity is to enable prosecutors to "exercise a discretionary judgment on the basis of evidence presented to them,” in a "vigorous and fearless” manner, without fear of civil liability as a result. (Imbler v Pachtman, 424 US 409, 422-423, n 20, 426, 427.)
Finally, "[w]hile an action for malicious prosecution may arise out of quasi-judicial administrative actions (see, Groat v Town Bd., 73 AD2d 426), attorney disciplinary proceedings are distinguishable, if for no other reason, because of the important policy underlying the absolute privilege accorded disciplinary proceeding complainants” (Capoccia v Couch, 134 AD2d 806, 807, appeal dismissed 71 NY2d 1022).
Based upon the foregoing, the complaint is dismissed against the State defendants.
As regards the complaint against Dr. Zitrin, Schizer & Schizer, Stereo, Inc. and Herrick & Feinstein, for their statements and/or complaints made to the Disciplinary Committee, these causes of action are likewise dismissed. The Court of Appeals in Wiener v Weintraub (22 NY2d 330) held that a complaint charging professional misconduct of an attorney, which has been filed with the appropriate Committee for review initiates a proceeding which is judicial in nature and is absolutely privileged, regardless of the complainant’s motive. (See also, Park Knoll Assocs. v Schmidt, 59 NY2d 205, 209; Toker v Pollak, 44 NY2d 211, 218-220.) This privilege is necessary to encourage the cooperation of witnesses and is based upon public policy that a witness’ testimony be privileged in order that the witness may feel free to perform a public duty with knowledge that he or she will be insulated from harassment and financial burdens resulting from subsequent litigation. (Wiener v Weintraub, supra; Martirano v Frost, 25 NY2d 505.) Thus, any material and pertinent statement made to the Disciplinary Committee by the defendants is properly accorded an absolute privilege even where malicious prosecution and abuse of process are alleged. (Martirano v Frost, supra; Wiener v Weintraub, supra; Capoccia v Couch, supra.)
*732 Contrary to plaintiffs allegation, it appears that Herrick & Feinstein was not consulted by Stereo until several months after Stereo’s letter was sent to the Disciplinary Committee. This showed that Herrick & Feinstein had no involvement with the filing of Stereo’s letter which this court determined to be privileged. Plaintiff has failed to state a cause of action against Herrick & Feinstein.
Dr. Zitrin’s findings and letter to the Disciplinary Committee concerning his evaluation of plaintiff’s psychiatric condition is privileged information and immune from legal action since it was performed as an official act in a judicial proceeding. (See, Schanbarger v Kellogg, 35 AD2d 902, cert denied 405 US 919 [1972].) Plaintiff has also failed to state a cause of action as against Dr. Zitrin.
Summary judgment searches the record, and based upon the facts herein, the court concludes that no viable causes of action exist against any of the named defendants, thus the complaint is dismissed in its entirety. The request by defendant Schizer & Schizer for an award of costs and/or sanctions against plaintiff is denied.
Accordingly, plaintiff’s motion for summary judgment is denied. Defendant’s cross motions for summary judgment are granted. The complaint is dismissed in its entirety.