■ BARBARA KRAUS et al., Appellants, v ROBERT BRANDSTETTER, Defendant, and EMIL E. MAFFUCCI et al., Respondents. [610 NYS2d 527] —In an action to recover damages, *inter alia,* for defamation, conspiracy to defame, and loss of consortium, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), entered January 7, 1992, as granted the respondents' motion for summary judgment and dismissed their first, second, and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted those branches of the motion which were to dismiss the plaintiffs' first, second, and fourth causes of action insofar as asserted against the defendants Maffucci, Klecatsky, Mahoney, Cooper, and New Rochelle Hospital Medical Center, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The facts of this case were summarized in a prior decision and order of this Court *(Kraus v Brandstetter,* 167 AD2d 445). In that decision and order, this Court, *inter alia,* affirmed so much of an order of the Supreme Court, Westchester County (Miller, J.), dated August 10, 1989, as found that the publication in a hospital newsletter of the medical staff's finding that

it had "no confidence" in the plaintiff Barbara Kraus as Vice President of Nursing was libelous *per se.* In so ruling, this Court further agreed with the conclusion of the Supreme Court, Westchester County, that "the reasonable interpretation of the statement in the newsletter was that Kraus was 'incompetent' in her professional capacity" *(Kraus v Brandstetter, supra,* at 446), that the statement was a "mixed opinion", because, couched as it was in terms of a "vote", it suggested that it was based on facts which justified the opinion but were unknown to the reader, and that it was actionable. These rulings by this Court on matters of law were conclusively established for the purposes of this case, and may not be relitigated or redetermined by this Court. Because the order appealed from purports to redetermine the issue of whether the libel herein is actionable, it must be modified to the extent indicated *(see, Martin v City of Cohoes,* 37 NY2d 162, 165; *Matter of O'Leary,* 134 AD2d 700, 701; *Matter of Marocco v State of New York,* 56 AD2d 949).

However, we find that the complaint should not be reinstated as against defendants Sherber, Lauria, and Andresen, who were not on the board which issued the defamatory statement of no confidence, and did not participate in its publication *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Bradt v John Hancock Mut. Life Ins. Co.,* 98 AD2d 886). Balletta, J. P., O'Brien and Ritter, JJ., concur; Rosenblatt, J., concurs on constraint of *Kraus v Brandstetter* (167 AD2d 445).