■ George Kovacs, Respondent, v Briarcliffe School, Inc., et al., Appellants, et al., Defendant. [617 NYS2d 804] —In an action to recover damages, inter alia, for defamation and negligent hiring, the defendants the Briarcliffe School, Inc. and Richard B. Turan appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), dated March 19,

1993, as denied those branches of their motion which were for partial summary judgment dismissing the first, second, fifth and sixth causes of action in the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the fifth and sixth causes of action insofar as asserted against them and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was discharged from his position as associate professor and Chair of the Liberal Arts Department of the defendant the Briarcliffe School, Inc. (hereinafter Briarcliffe). Following his termination, a memorandum was distributed to the Briarcliffe faculty by the defendant Richard B. Turan, president of the school. Without specifically naming the plaintiff, the memorandum informed the faculty that he had been replaced by a new acting Chair because Turan believed that there was no responsible alternative and he was confident that the quality of the department would improve under the new chairperson.

The Supreme Court properly denied those branches of the motion which sought to dismiss the first and second causes of action as those claims sufficiently state a cause of action for libel per se because the memorandum disparaged the plaintiff " 'in the way of his office, profession or trade' " (Tracy v Newsday, Inc., 5 NY2d 134, 136). "Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance" (Aronson v Wiersma, 65 NY2d 592, 593). The memorandum authored by Turan is reasonably susceptible of a defamatory meaning (see, Kraus v Brandstetter, 167 AD2d 445). Further, although truth is a complete defense and pure opinion is not actionable, here the memorandum implied the existence of undisclosed detrimental facts. Therefore, it constitutes a "mixed opinion" and is actionable (see, Steinhilber v Alphonse, 68 NY2d 283, 289; Kraus v Brandstetter, supra, at 446).

The fifth and sixth causes of action, however, should have been dismissed as legally insufficient. Although unclear on its face, apparently the plaintiff is asserting a claim for punitive damages in his fifth cause of action. There is no separate legally cognizable cause of action for punitive damages (see, Green v Fischbein Olivieri Rozenholc & Badillo, 119 AD2d 345, 351). We note that the plaintiff's first and second causes

of action include sufficient allegations of intentional and malicious conduct to support an award of punitive damages, if proven. In the context of this case, the sixth cause of action for negligent hiring fails to state a cause of action. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.