■ KATHLEEN KELLEHER, Respondent-Appellant, v CORINTHIAN MEDIA, INC., et al., Appellants-Respondents. [617 NYS2d 726] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 21, 1994, which granted defendants' motion to dismiss the complaint only to the extent of dismissing the first cause of action, unanimously modified, on the law, to the extent of striking plaintiff's claim for punitive damages with respect to the second cause of action and otherwise affirmed, without costs.

Plaintiff has stated a valid claim for defamation per se in alleging that defendants falsely stated to her former clients that defendants' failure to return credits to those clients was the result of plaintiff's "incompetence". The statement at issue did not merely constitute an employer's evaluation of an employee's work performance, but tended to disparage plaintiff in her profession (see, Matherson v Marchello, 100 AD2d 233, 236). In addition, the statement is not protected as "pure opinion" because the description of plaintiff as "incompetent" constitutes "mixed opinion" (Steinhilber v Alphonse, 68 NY2d 283). Furthermore, plaintiff's defamation action is not merely a substitute for a wrongful discharge cause of action since it consists of conduct by defendants distinct from plaintiff's termination. Finally, plaintiff has satisfied the particularity standard of CPLR 3016 (a).

Plaintiff's first cause of action, predicated upon her termination from employment because she refused to create a false business record in which she took the blame for defendants' failure to return clients' credits, was properly dismissed be-

cause plaintiff was merely an employee at will who could be discharged at any time for any or no reason *(Murphy v American Home Prods. Corp.,* 58 NY2d 293). Contrary to plaintiff's argument, her first cause of action does not fit within the limited exception to the employment-at-will doctrine set forth in *Wieder v Skala* (80 NY2d 628).

We modify to strike plaintiff's claim for punitive damages since the allegations of plaintiff's second cause of action do not rise to the requisite level of high moral culpability aimed at the public *(Halpin v Prudential Ins. Co.,* 48 NY2d 906). Concur —Sullivan, J. P., Ross, Asch and Rubin, JJ.