OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiffs bring the underlying action to recover for the alleged negligent performance of DNA testing. Defendant now moves for summary judgment dismissing the action upon the ground that the complaint fails to state a cause of action.
*844 This matter was submitted to the court without oral argument on September 15, 1995.
FINDINGS OF FACT
In November 1991, plaintiff Lucille Pertilla filed a paternity and support petition against William B. Artist, the putative father of Alethia Pertilla. On February 13, 1993, Hon. Kevin M. Dowd of the Chenango County Family Court ordered that each of these parties submit to blood testing, to be conducted by defendant Genetic Design, Inc. Blood was thereafter drawn and Genetic Design performed HLA and red blood cell marker testing. As a result of these tests, defendant concluded that William B. Artist was genetically excluded as the biological father of Alethia Pertilla. Defendant’s report and affidavit were submitted to Family Court on June 4, 1992. Based upon the results of these tests, the Family Court ordered that the plaintiffs’ paternity and support petition be dismissed.
Plaintiffs thereafter brought the underlying action alleging negligent performance of the DNA blood testing and claiming that as a result thereof, they have suffered emotional distress, psychological damage, and loss of support.
CONCLUSIONS OF LAW
Defendant moves to dismiss the complaint upon the ground that Genetic Design is immune from liability for negligence in performing said blood testing. Specifically, defendant contends that as they were appointed to perform these duties by an order of the Family Court, they were providing testimony for the court and therefore acting in a quasi-judicial capacity. In. contrast, plaintiff maintains that immunity should not extend to Genetic Design, as the defendant recklessly rendered false testimony in preparing its report to the court.
Family Court Act § 532 specifically authorizes the court to order the mother, child, and alleged father to submit to such blood tests by a laboratory approved for that purpose and to receive the results of said tests into evidence. In the decision of the Family Court, Hon. Kevin Dowd specifically identified Genetic Design, Inc. as the party responsible for conducting such testing. The results of this testing formed the basis for Judge Dowd’s dismissal of plaintiff’s paternity proceeding.
Generally, the doctrine of judicial immunity extends to those parties acting in a "quasi-judicial” capacity in the course of their performance of court-appointed duties. This privilege is based upon the public policy that expert witnesses must be *845 encouraged to perform public services without fear of harassment or threat of litigation. In analogous situations in which court-appointed psychiatrists or physicians have been sued for their alleged misdiagnoses, the courts have deemed these findings privileged and thereby immune from legal action. (See, Tolisano v Texon, 75 NY2d 732 [1989], revg 144 AD2d 267 [upon the reasons stated in the dissent of Smith, J.]; Deed v Condrell, 150 Misc 2d 279, 281-282 [Sup Ct, Erie County 1991], affd 177 AD2d 1055 [4th Dept 1991]; Schanbarger v Kellogg, 35 AD2d 902, 903 [4th Dept 1970]; Klapper v Guria, 153 Misc 2d 726, 730 [Sup Ct, NY County 1992].)
Therefore, as defendant was performing its official acts in furtherance of a judicial proceeding, judicial immunity should extend to shield Genetic Design from liability for alleged negligence. (Tolisano v Texon, 75 NY2d 732, supra; Deed v Condrell, 177 AD2d, supra, at 1055; Klapper v Guria, 153 Misc 2d, supra, at 732.)
Accordingly, defendant’s motion for summary judgment is hereby granted.