OPINION OF THE COURT
Elizabeth H. Emerson, J.
*1026 Motion by defendants for leave to serve an amended answer and for an order granting summary judgment in their favor and the cross motion by plaintiff for an order granting summary judgment in her favor on the issue of liability are determined as follows: The plaintiff, a former employee of defendant Long Island Ballet Center, Inc., commenced this action on June 30, 1998 alleging that the defendants used her name in violation of Civil Rights Law § 51. Specifically, the plaintiff asserts that after she was fired, an article appeared in Suffolk Life newspaper on October 2, 1996 identifying her as the manager for the defendant. In addition, the plaintiff was identified as a contact person for the defendant on a web site on the Internet. The web site was based upon information provided by the parties in 1995 to Millenium Productions, Inc., an organization which apparently created the site on the defendants’ behalf. The defendants move for leave to amend their answer so as to interpose the affirmative defense of the Statute of Limitations. The defendants also move to dismiss the complaint and for summary judgment. The plaintiff cross-moves for summary judgment in her favor on the issue of liability.
It is well settled that leave to serve an amended answer should be freely granted “ ‘unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice or surprise directly results from delay in serving such amendment’ ” (DeGradi v Coney Is. Med. Group, 172 AD2d 582, 583 [2d Dept 1991], quoting Barnes v County of Nassau, 108 AD2d 50, 52 [2d Dept 1985]). The plaintiff does not allege any prejudice or surprise and the mere fact that the proposed amendment may defeat the plaintiff’s claim is an insufficient basis for denying leave to amend (see, DeGradi v Coney Is. Med. Group, supra). Accordingly, that branch tif the motion for leave to amend the answer is granted and the amended answer is deemed served as of the return date of this motion.
A cause of action under Civil Rights Law § 51 must be brought within one year of the alleged violation (see, CPLR 215 [3]). Here, the article in Suffolk Life was published on October 2, 1996, more than one year before the commencement of this action. Therefore, any claim relating to that article is untimely. With respect to the web site, the complaint alleges that the defendants’ improper actions have continued “up until the present time”. In this regard, the record indicates that the plaintiff’s name was identified on the web site on July 13, 1997. Since the plaintiff commenced this action within one year of the defendants’ most recent alleged violation, the motion to dismiss with *1027 respect to the Internet site is denied (see, Russo v Huntington Town House, 184 AD2d 627 [2d Dept 1992]).
Civil Rights Law § 51 authorizes a civil action for injunctive relief and damages where the name or likeness of any living person is used for advertising or trade purposes without the written consent of that person in violation of Civil Rights Law § 50 (see, Kane v Orange County Publs., 232 AD2d 526 [2d Dept 1996]). Civil Rights Law §§ 50 and 51 “ ‘were drafted narrowly to encompass only the commercial use of an individual’s name or likeness and no more’ ” (Kane v Orange County Publs., supra, at 527, quoting Arrington v New York Times Co., 55 NY2d 433, 439, cert denied 459 US 1146). A name is used “for advertising purposes” if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service (see, Beverley v Choices Women’s Med. Ctr., 78 NY2d 745). “Trade purposes” is more difficult to define (see, Davis v High Socy. Mag., 90 AD2d 374 [2d Dept 1982]), and involves use which would draw trade to the defendant (see, Kane v Orange County Publs., supra; Flores v Mosler Safe Co., 7 NY2d 276). However, courts have carved out exceptions so that the statute does not apply to publications concerning newsworthy events or matters of public interest (see, Stephano v News Group Publs., 64 NY2d 174, 184; Creel v Crown Publs., 115 AD2d 414 [1st Dept 1985]).
Here, the web site in question was not a home page created by the defendants for the purpose of advertising or promotion. Rather, the record indicates that the defendants provided information at no cost to a third party which created web sites for arts organizations under the listing “www.arts-online.com”. Thus, there is nothing in the record to indicate that the defendants were responsible for creating or maintaining the web site. Moreover, a web site on the Internet providing information about arts organizations is certainly a matter of some public interest. Even assuming, however, that the web site constitutes advertising or trade purposes within the meaning of the statute, it is well settled that where a reference to an individual is “ ‘fleeting and incidental’ ”, it will not be actionable under Civil Rights Law § 51 (see, Marks v Elephant Walk, 156 AD2d 432, 434 [2d Dept 1989]; Delan v CBS, Inc., 91 AD2d 255 [2d Dept 1983]). Whether a particular use is incidental is determined through an assessment of the “ ‘relationship of the references to a particular individual “to the main purpose and subject of the [work in issue]” ’ ” (Delan v CBS, Inc., supra, at
*1028 260, quoting Ladany v Morrow & Co., 465 F Supp 870, 882). In this case, the plaintiffs name was not used in a manner directly related to the product or service. The plaintiff was not identified as a dancer or performer promoting the organization, but only as a contact person to call for additional information. Therefore, under these circumstances, any potential rewards for using the plaintiffs name were too remote and speculative to sustain her claim (see, Marks v Elephant Walk, supra; Griffin v Harris, Beach, Wilcox, Rubin & Levey, 112 AD2d 514 [3d Dept 1985]).
Accordingly, the defendants’ motion for summary judgment is granted, the plaintiffs cross motion is denied and the complaint is dismissed.