■ NACHMAN BRACH, Appellant, v CONGREGATION YETEV LEV D'SATMAR, INC., et al., Respondents. [696 NYS2d 496] —In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated August 24, 1998, which granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action is denied, and the complaint is reinstated.

The instant case has its genesis in a long-running dispute between competing claims to certain real property in Brooklyn (*see, Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 219 AD2d 186). The defendant Congregation Yetev Lev D'Satmar, Inc. (hereinafter Yetev Lev), a religious corporation, purchased the property in the late 1960's and early 1970's, and built a synagogue and a home on the property for its leader. The property is now owned by nonparty 26 Adar N.B. Corp., which is owned by the plaintiff Nachman Brach. In May 1990, Yetev Lev commenced an action in the Supreme Court, Kings County, pursuant to RPAPL article 15 to compel the determination of its claim to the property. Essentially, it alleged that a 1978 transfer of the property, and all subsequent transfers of the property, were invalid. The Supreme Court granted Yetev Lev summary judgment on its claim and declared that it was the owner of the property. However, this Court reversed that order and dismissed Yetev Lev's complaint (*see, Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., supra*).

Thereafter, the defendant Der Yid published an article signed by the defendant Executive Board of Congregation Yetev Lev D'Satmar, Inc. (hereinafter the Executive Board). This article essentially reported that the subject property was sold to Brach without the Executive Board's knowledge or consent, that the Executive Board had attempted to persuade Brach to settle their dispute in a rabbinical court, and that Brach refused, resulting in the aforementioned case in Supreme Court, Kings County. The article also stated that Brach had won that action "by lies and deceit", and "declare[d] publicly" that "Nachman Brach is a robber".

In or about April 1997 Brach commenced the instant action against Yetev Lev, the Executive Board, various individual defendants, and Der Yid, seeking to recover damages for defamation. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action, finding that "a reasonable reader of the publication complained of would consider it to contain expressions of opinion rather than assertions of fact about [Brach]". We reverse and reinstate the complaint.

The issue of whether particular words are defamatory presents a legal issue to be resolved by the court (*see, Aronson v Wiersma,* 65 NY2d 592, 593-594; *Jessel Rothman, P. C. v Sternberg,* 207 AD2d 438, 439). The words must be construed in the context of the entire statement and interpreted based on the understanding of the average reader. If the words are not reasonably susceptible of a defamatory meaning, they are not actionable (*Aronson v Wiersma, supra*; *see, Armstrong v Simon & Schuster,* 85 NY2d 373, 380; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954; *Weiner v Doubleday & Co.,* 74 NY2d 586, 592, *cert denied* 495 US 930).

In the instant case, the statements complained of imply that "the speaker knows certain facts, unknown to his audience, which supports his opinion and are detrimental to the person about whom he is speaking", and therefore constitute statements of "mixed opinion", which are actionable (*Steinhilber v Alphonse,* 68 NY2d 283, 290; *see, Kovacs v Briarcliffe School,* 208 AD2d 686; *Kelleher v Corinthian Media,* 208 AD2d 477; *Brown v Albany Citizens Council on Alcoholism,* 199 AD2d 904). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.