■ RICHARD T. SINROD, Appellant, v JUDITH ELLEN STONE, Respondent. [799 NYS2d 273]—

In action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 30, 2004, as granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the 1st through 31st causes of action.

Ordered that the order is affirmed, with costs.

When the professional relationship between the parties, who are both attorneys, was severed and they could not reach agreement on fees to which the defendant claimed she was entitled, the defendant applied for retaining liens in two cases, and moved in two other cases to have the plaintiff removed as counsel of record for cause. In addition, the defendant filed three separate complaints against the plaintiff with the New York State Grievance Committee (hereinafter the Grievance Committee), which were ultimately dismissed. The plaintiff commenced this action alleging, inter alia, defamation, claiming that in these Grievance Committee and court proceedings, the defendant wilfully, maliciously, and falsely charged that the plaintiff was mentally, physically, and emotionally unfit to practice law and that he had engaged in unprofessional and criminal conduct, all for the purpose of destroying his good name and reputation as an act of extortion and revenge. The Supreme Court granted the defendant's motion to dismiss the 1st through 31st causes of action, with leave to replead the 23rd through 26th causes of action, finding that most of the claims were absolutely privileged as they concerned communications made in the scope of judicial or quasi-judicial proceedings. We affirm.

Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding (*see Wiener v Weintraub*, 22 NY2d 330 [1968]; *Allan & Allan Arts v Rosenblum*, 201 AD2d 136 [1994], *lv denied* 85 NY2d 921 [1995], *cert denied* 516 US 914 [1995]).

The Supreme Court correctly concluded that the claims challenging the complaints of misconduct filed with the Grievance Committee by the defendant were absolutely privileged (*see Wiener v Weintraub, supra; Capoccia v Couch,* 134 AD2d 806 [1987]). Similarly, those allegedly defamatory statements contained in documents submitted in judicial proceedings fell within the ambit of the privilege as they were material and relevant to the proceedings (*see Toker v Pollak,* 44 NY2d 211 [1978]; *Mosesson v Jacob D. Fuchsberg Law Firm,* 257 AD2d 381 [1999]).

The Supreme Court properly determined that the 23rd through 26th causes of action complaining of statements made by the defendant to clients of the plaintiff "to the effect that they should obtain other counsel because they were not being properly represented" by the plaintiff, while reasonably susceptible of defamatory meaning, did not satisfy the specificity requirements of CPLR 3016 (a) (*see Sirianni v Rafaloff,* 284 AD2d 447 [2001]; *Chime v Sicuranza,* 221 AD2d 401 [1995]), and accordingly, permitted the plaintiff to replead those causes of action.

The plaintiff's remaining contentions are without merit (*see Capoccia v Couch, supra*). Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.