In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 23, 2008, which granted the motion of the defendants Law Office of Cushner & Garvey, LLP, Todd S. Cushner, and Lawrence A. *513 Garvey pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, granted the separate motion of the defendant HSBC Bank USA pursuant to CPLR 3013 and 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and denied his cross motion for leave to amend the complaint.
Ordered that the order is affirmed, with costs.
Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding (see Wiener v Weintraub, 22 NY2d 330 [1968]; Sinrod v Stone, 20 AD3d 560, 561 [2005]). Proceedings before a Grievance Committee are quasi-judicial (see Toker v Poliak, 44 NY2d 211, 222 [1978]; Wiener v Weintraub, 22 NY2d at 331-332). Here, the allegedly defamatory statements contained in a letter to the Grievance Committee written in response to a letter submitted by the plaintiff were made in the course of a quasi-judicial proceeding and, as a matter of law, were material and pertinent to the issue to be resolved therein. Thus, the Supreme Court correctly concluded that those statements were absolutely privileged (see Wiener v Weintraub, 22 NY2d at 331-332; Sinrod v Stone, 20 AD3d at 561; cf. Sokol v Leader, 74 AD3d 1180 [2010]). Therefore, the Supreme Court properly granted the motion of the defendants Law Office of Cushner & Garvey, LLE Todd S. Cushner, and Lawrence A. Garvey pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.
The plaintiff failed to attribute any of the alleged defamatory statements in the complaint to the defendant HSBC Bank USA. Therefore, the Supreme Court correctly concluded that the allegations in the complaint were insufficient to set forth any cause of action against HSBC Bank USA (see CPLR 3013, 3016 [a]; Schwegel v Chiaramonte, 4 AD3d 519, 521 [2004]; Kraus v Brandstetter, 202 AD2d 396 [1994]), and properly granted that defendant’s motion to dismiss the complaint pursuant to CPLR 3013 and 3211 (a) (7) insofar as asserted against it.
The Supreme Court providently exercised its discretion in denying the plaintiff’s cross motion for leave to amend his complaint, since he did not submit a copy of a proposed amended pleading and did not demonstrate that the proposed amendment had merit (see Chang v First Am. Tit. Ins. Co. of N.Y., 20 AD3d 502 [2005]; Ferdinand v Crecca & Blair, 5 AD3d 538, 540 [2004]; see also Haller v Lopane, 305 AD2d 370 [2003]).
The plaintiff’s remaining contentions are without merit. Mastro, J.P, Eng, Belen and Austin, JJ., concur.