Khozissova v Ralph Lauren Corp. (2024 NY Slip Op 03332)

Khozissova v Ralph Lauren Corp.

2024 NY Slip Op 03332

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 159860/20 Appeal No. 2514-2515 Case No. 2022-03948, 2023-06776 

[*1]Anastassia Khozissova, Appellant,
v
Ralph Lauren Corp., Respondent, Home Box Office Inc., Defendant-Respondent.

Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for appellant.
Davis Wright Tremaine LLP, New York (Katherine M. Bolger of counsel), for Home Box Office, Inc., respondent.

Amended order, Supreme Court, New York County (Andrea Masley, J.), entered July 8, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Home Box Office, Inc. (HBO) to dismiss the complaint, unanimously affirmed, without costs. Supplemental order, same court and Justice, entered November 6, 2023, which, to the extent appealed from as limited by the briefs, awarded HBO $38,001.45 in attorneys' fees and costs, unanimously dismissed, without costs.
Plaintiff, a fashion model, alleges that she was featured without her permission in Very Ralph, a documentary film about designer Ralph Lauren. Plaintiff also alleges that she was featured, again without her permission, in the trailer for the documentary, which aired on HBO's cable TV network and internet streaming services. As relevant to this appeal, plaintiff commenced this action against HBO, alleging that it knowingly, and without her consent, used her image in the film for advertising and trade purposes in violation of Civil Rights Law §§ 50 and 51.
Plaintiff failed to state a claim upon which relief can be granted as against HBO because the film fell within the newsworthiness/public interest exception to liability under Civil Rights Law §§ 50 and 51. The statutes "were drafted narrowly to encompass only the commercial use of an individual's name or likeness and no more," and "at bottom, courts have cabined section 51 to avoid any conflict with the free dissemination of thoughts, ideas, newsworthy events, and matters of public interest" (Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 120 [2018] [internal quotation marks omitted]). Furthermore, the statutes are "interpreted so as to prohibit the use of an individual's name or likeness "for advertising purposes or for the purposes of trade only, and nothing more" (Finger v Omni Publs. Intl., 77 NY2d 138, 141 [1990] [internal quotation marks omitted]; see also Messenger v Gruner + Jahr Printing & Publ., 94 NY2d 436, 442 [2000]). The Court of Appeals has also recognized that "questions of newsworthiness are better left to reasonable editorial judgment and discretion" (Finger, 77 NY2d at 143 [internal quotation marks omitted]).
Plaintiff does not dispute that the film from which her claim against HBO arises is a feature-length documentary about the life and career of fashion icon Ralph Lauren, or that the trailer addresses the same subject. As a documentary and trailer, the film is plainly newsworthy (see e.g. Ward v Klein, 10 Misc 3d 648, 654 [Sup Ct, NY County 2005]; see also Groden v Random House, Inc., 61 F3d 1045, 1049 [2d Cir 1995]; Alfano v NGHT, Inc., 623 F Supp 2d 355, 359 [ED NY 2009]). In fact, courts have recognized the newsworthiness of publications and other works concerning the fashion industry (see e.g. Stephano v News Group Publs., 64 NY2d 174, 184 [1984]; Abdelaziz v Essence Communications, 225 AD2d 498, 498 [1st Dept 1996], lv denied 88 NY2d 810 [1996]).
Plaintiff's assertion [*2]that Civil Rights Law § 51 claims cannot be properly dismissed on a pre-answer motion to dismiss (see e.g. Lohan, 31 NY3d at 117; Finger, 77 NY2d at 143; Freihofer v Hearst Corp., 65 NY2d 135, 140-141 [1985]; Alvarado v K-III Mag. Corp., 203 AD2d 135, 136-137 [1st Dept 1994]) is meritless. Indeed, courts have dismissed complaints in the specific context at issue here, where a plaintiff alleges that their image has been used in a work that is an advertisement in disguise (see e.g. LaForge, 23 AD2d at 636; Dominguez v Vibe Mag., 21 Misc 3d 1122[A], 2008 NY Slip Op 52140[U], *4-5 [Sup Ct, NY County 2008]).
Plaintiff, who acknowledges the film is a "documentary about Ralph Lauren," fails to allege any facts to support her conclusory assertion that the film is a disguised advertisement for defendant Ralph Lauren Corp. Further, plaintiff does not show that the matters as to which she claims to need discovery — any Ralph Lauren/HBO agreements, including profit-sharing agreements, regarding the film — would advance her position, as it is the "content" of the work, rather than a defendant's profit from it, that bears on whether "a newsworthy use, as opposed to a trade usage" is at issue for purposes of section 51 (Stephano, 64 NY2d at 184-185; see Ward, 10 Misc 3d at 654).
Supreme Court also properly dismissed the action as against HBO on grounds that, to the extent the film uses plaintiff's image, it does so in an "isolated," or "fleeting and incidental" manner. Such uses, "even if unauthorized, are insufficient to establish liability" under section 51 (Candelaria v Spurlock, 2008 WL 2640471, *2, 2008 US Dist LEXIS 51595, *6 [ED NY, July 3, 2008, No. 08 Civ. 1830 (BMC)(RER)]; Lohan v Perez, 924 F Supp 2d 447, 455 [ED NY 2013]). Moreover, contrary to plaintiff's contention, the question of incidental use may be decided on a pleading motion (see also Marks v Elephant Walk, 156 AD2d 432, 434 [2d Dept 1989]). Here, plaintiff does not dispute that she appears for a total of 38 seconds over the course of the 108-minute documentary and for one second in the 90-second trailer and she does not allege facts to otherwise show that the use of her image bore particular significance to the main purpose of the film.
Plaintiff's arguments regarding the propriety of the award of attorney's fees to HBO under New York's anti-SLAPP law (CPLR 3211[g], Civil Rights Law §§ 70-a, 76-a) are not properly before us. Plaintiff did not appeal from the order entered on or about December 4, 2022, which was the only order that considered the merits of whether the anti-SLAPP law applied to this action. We therefore lack the jurisdiction to adjudicate the merits of plaintiff's arguments regarding application of the anti-SLAPP law (see City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [2d Dept 1997]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*3]DEPARTMENT.
ENTERED: June 18, 2024