■ DAVID HAMPTON, Appellant, v JOHN GUARE et al., Respondents. [600 NYS2d 57] —Order and judgment, Supreme Court, New York County (Edward Lehner, J.), entered on April 29, 1992 and May 28, 1992, respectively, which, *inter alia,* granted defendants' motion to dismiss the plaintiff's amended complaint, unanimously affirmed, with costs.

In the underlying action, plaintiff, an aspiring actor who has been convicted of attempted burglary and repeatedly arrested for criminal impersonation, larceny and related offenses, seeks $60,000,000 compensatory and punitive damages against the author, producers, publisher and purchaser of the film rights to the award-winning play, "Six Degrees of Separation". The play was inspired in part by a widely reported criminal scam in which the plaintiff had convinced several affluent New Yorkers to allow him into their homes and to give him money and other things of value by pretending that he knew their children from college, and that he was the son of the actor Sidney Poitier.

We agree with the IAS Court that the first and second causes of action of the plaintiff's amended complaint fail to state a cognizable claim for commercial misappropriation under sections 50 and 51 of the Civil Rights Law or for the purported invasion of the plaintiff's common-law right of privacy. There is no common-law right of privacy in this State, only the remedy created by Civil Rights Law §§ 50 and 51 *(Freihofer v Hearst Corp.,* 65 NY2d 135, 140). No cause of action was stated under Civil Rights Law §§ 50 and 51 because plaintiff's name, portrait or picture were not used in the play *(Wojtowicz v Delacorte Press,* 43 NY2d 858), and works of fiction and satire do not fall within the narrow scope of the statutory phrases "advertising" and "trade" *(University of Notre Dame Du Lac v Twentieth Century-Fox Film Corp.,* 22 AD2d 452, *affd on opn at App Div* 15 NY2d 940).

The IAS Court also properly determined that the preemptive effect of the Civil Rights Law is fatal to the third, fourth

and fifth causes of action of the plaintiff's amended complaint alleging common-law conversion, common-law tort and unjust enrichment where, as here, the plaintiff has no property interest in his image, portrait or personality outside the protections granted by the Civil Rights Law *(Stephano v News Group Publs.,* 64 NY2d 174, 183; *Preston v Bregman Prods.,* 765 F Supp 116, 120; *Allen v Men's World Outlet,* 679 F Supp 360, 365). We have reviewed the plaintiff's remaining arguments and find them to be without merit. Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.