■ JOYCE KANE et al., Respondents, v ORANGE COUNTY PUBLICATIONS, Appellant. [649 NYS2d 23] —In an action pursuant to Civil Rights Law § 51 to recover damages for an alleged violation of Civil Rights Law § 50, the defendant appeals from an order of the Supreme Court, Orange County (Sherwood, J.), entered August 29, 1995, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1992 the plaintiffs in the instant case brought an action against a local funeral director to recover damages, *inter alia,* for the negligent handling of the burial of a deceased relative. That action was settled in favor of the plaintiffs for $250,000. Following the settlement, a newspaper owned by the defendant Orange County Publications published an extensive article describing the case and the underlying incidents, with the full cooperation of the plaintiffs. It also published an editorial concerning a possible criminal investigation of the funeral director.

The basis of the plaintiff's present action was the later publication by the defendant's newspaper of an "Open Letter" from the same funeral director which was described on its face as a "paid advertisement". The complaint recites that the events discussed in the open letter were the same events which were the subject of the earlier litigation, and which were previously reported in both the article and the editorial. The plaintiffs assert that prior to publication of the article and editorial, they provided the defendant "with documents and other materials which truthfully detailed" the events at issue. Their complaint alleges, *inter alia,* that (1) the open letter was an advertisement which was published without their consent, (2) it contained "numerous untruths, misrepresentations, and misstatements of fact, known to be false and misleading by defendant", (3) the defendant should have known that statements in the open letter were false because the plaintiffs previously provided it with material for preparation of the earlier newspaper article, and (4) the open letter caused the plaintiffs to suffer "great humiliation, exposure to public ridicule and contempt".

We find that the complaint fails to state a cause of action and must be dismissed.

Civil Rights Law § 51 authorizes a civil action for injunctive relief and damages where the name or likeness of any living person is used for advertising or trade purposes without the written consent of that person in violation of Civil Rights Law

§ 50. As the Court of Appeals noted in *Arrington v New York Times Co.* (55 NY2d 433, 439, *cert denied* 459 US 1146), Civil Rights Law §§ 50 and 51 "were drafted narrowly to encompass only the commercial use of an individual's name or likeness and no more". "Advertising purposes" has been defined as "use in, or as part of, an advertisement or solicitation for patronage of a particular product or service" (*Beverly v Choices Women's Med. Ctr.*, 78 NY2d 745, 751). "Trade purposes" is more difficult to define (*see, Davis v High Socy. Mag.*, 90 AD2d 374, 379), and involves use which would draw trade to the firm (*see, Flores v Mosler Safe Co.*, 7 NY2d 276, 284).

Although the plaintiffs make perfunctory reference to Civil Rights Law §§ 50 and 51, noting that the open letter was an advertisement published without their consent, not all material published in the advertising sections of a newspaper is designed to solicit customers or sell a product or service (*see, New York Times Co. v Sullivan*, 376 US 254, 266; *Rinaldi v Village Voice*, 47 AD2d 180, 182, *cert denied* 423 US 883). The plaintiffs do not allege in their complaint that the open letter used their name to solicit customers for the funeral director or draw trade to his firm. Accordingly, the complaint fails to state a cause of action to recover under Civil Rights Law § 51.

The allegations of the complaint correspond to elements of a cause of action sounding in libel. Since the plaintiffs failed to allege special damages, they found it necessary to include references to public ridicule and contempt to establish the elements of libel per se (*see, Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969). By attempting to plead the elements of libel per se, the plaintiffs have charted their own course: the issue becomes whether the open letter was, in fact, libelous per se. However, the statements therein for the most part constitute nonactionable opinion (*see, Brian v Richardson*, 87 NY2d 46), and the allegations of fact contained therein are not reasonably susceptible of a defamatory meaning (*see, James v Gannett Co.*, 40 NY2d 415, 419-420). Therefore, the complaint fails to state a cause of action sounding in libel.

We further note that, since the open letter was the funeral director's response to unfavorable publicity against him—publicity concededly generated "with the cooperation of plaintiffs"—it was covered by a qualified privilege (*see, Hines v Arkansas La. Gas Co.*, 613 So 2d 646 [La]; *Park Knoll Assocs. v Schmidt*, 59 NY2d 205, 210; *Toker v Pollak*, 44 NY2d 211, 219; *Shenkman v O'Malley*, 2 AD2d 567). Accordingly, the plaintiffs were required to show that the open letter was both defamatory and published with actual malice (*see, Park Knoll Assocs.*

*v Schmidt, supra,* at 210; *Lowinger v Jacques,* 204 AD2d 175; *Gilberg v Goffi,* 21 AD2d 517, *affd* 15 NY2d 1023; *Shenkman v O'Malley, supra).* Since the open letter was not defamatory, we need not reach the question of actual malice.

Further, if we were to deem the plaintiffs' complaint as one sounding in invasion of privacy, the gravamen of their cause of action would be publicity that places them in a false light. Such a cause of action is not cognizable in this State *(see, Howell v New York Post Co.,* 81 NY2d 115, 123; 82 NY2d 690; *Cruz v Latin News Impacto Newspaper,* 216 AD2d 50). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.