■ LENNY GRODIN, Respondent, v LIBERTY CABLE et al., Appellants. [664 NYS2d 276] —Order, Supreme Court, New York County (Carol Arber, J.), entered September 13, 1996, which, in an action to recover damages for the unauthorized reuse of plaintiff's image and voice in a television commercial, denied defendants licensees' motion for summary judgment dismissing the complaint as against them, and denied defendant licensors' motion for summary judgment dismissing the complaint as against them and for partial summary judgment as to liability on their cross claim for indemnity against the licensees, unanimously modified, on the law, to dismiss plaintiff's third and fourth causes of action for negligence and unjust enrichment, and otherwise affirmed, without costs.

It being clear, as the IAS Court found, that defendants made no effort to obtain plaintiff's consent to the reuse of his image and voice, either through the means set forth in the Screen Actors Guild agreement or otherwise, plaintiff cannot be held to the provisions of that agreement waiving the protections of Civil Rights Law §§ 50 and 51 (*compare, Welch v Carson Prods. Group*, 791 F2d 13, *cert denied* 479 US 1007). To hold otherwise would be to deprive plaintiff of "appropriate compensation" for the unauthorized reuse of his image and voice (*see, supra,* at 17). The IAS Court also correctly found that whether the reuse of plaintiff's likeness was too incidental to afford any viable breach of privacy claims, whether the licensing agreement prohibited the commercial in which plaintiff appeared, and

whether the licensees obtained the licensors' consent to the commercial, are all issues of fact. However, it was error not to dismiss plaintiff's causes of action for negligence and unjust enrichment, there being no common-law right of privacy in New York (*see, Stephano v News Group Publs.*, 64 NY2d 174, 183; *Hampton v Guare*, 195 AD2d 366, *lv denied* 82 NY2d 659). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.