■ In the Matter of THEODORE J. BONTE, Appellant, v TOWN BOARD OF THE TOWN OF EAST FISHKILL et al., Respondents. [670 NYS2d 597] —In a hybrid proceeding pursuant to CPLR article 78 to compel the Town Board of the Town of East Fishkill to process the petitioner's application for approval of the operation of a helipad, and an action for a judgment declaring that the use of the petitioner's property as a helipad may be undertaken without obtaining approval under General Business Law § 249 and the zoning ordinances of the Town of East Fishkill, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated March 21, 1997, which dismissed the proceeding, and declared (1) that General Business Law § 249 is applicable to the request to use the property as a helipad, and (2) that the petitioner must comply with all applicable zoning ordinances.

Ordered that the judgment is affirmed, with costs.

The petitioner's contention that the proposed use of his property as a helipad required no zoning approval and is not subject to General Business Law § 249 is without merit.

The zoning district in which the petitioner's property is located does not allow a helipad as an accessory use (*see,* Town of East Fishkill Zoning Law, District B-1, Accessory Uses), nor is the proposed use a customary accessory use (*see,* Town of East Fishkill Zoning Law § 67-34). The petitioner admits that the proposed use is for purposes incidental to his business activities, and Town of East Fishkill Zoning Law § 67-34 specifically prohibits customary accessory uses which include "any activity commonly conducted as a business except where allowed by special permit" (Town of East Fishkill Zoning Law § 67-34 [B]). Moreover, the petitioner's use of the property as a helipad in the past, which was not affirmatively authorized by the town officials, cannot be considered as reasonably associated with the primary use of the property (*see, Gray v Ward*, 74 Misc 2d 50, 55, *affd* 44 AD2d 597).

The petitioner's application for approval of the use of his property as a helipad was brought pursuant to General Business Law § 249, and therefore, the petitioner cannot now be heard to argue that this section does not apply (*cf., Kane v Orange County Publs.*, 232 AD2d 526). The petitioner's proposed use of his property as a helipad as incidental to his primary business falls under General Business Law § 249 (*see, Thomson Indus. v Incorporated Vil. of Port Washington N.*, 27 NY2d 538).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.