■ DMITRIY STOYANOVSKIY, Respondent, v AMERADA HESS CORPORATION, Appellant. [730 NYS2d 172] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated March 13, 2000, which, upon a jury verdict finding it 95% at fault and the plaintiff 5% at fault in the happening of the accident and awarding the plaintiff damages, and upon an order of the same court, dated May 3, 1999, granting its motion pursuant to CPLR 4404 (a) only to the extent of reducing so much of the verdict as awarded damages for future pain and suffering and future lost earnings, and otherwise denying that motion, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the facts and as

an exercise of discretion, and the matter is remitted to the Supreme Court, Kings County, for a new trial on liability and damages.

In June 1995, the plaintiff, a truck driver who delivered gas and fuel, was assigned to pick up diesel fuel at the defendant's terminal in Newark, New Jersey. When he drove his truck into the defendant's premises, the plaintiff noticed a puddle of diesel fuel near the "rack" at which he was required to load his truck with fuel. He parked his truck next to the puddle of diesel fuel, and went into the defendant's office to obtain approval for his load. After obtaining such approval, the plaintiff returned to his truck and started loading the fuel into his truck. After loading two of the truck's five compartments with fuel, the plaintiff slipped and fell in the puddle of diesel fuel as he was connecting the fuel hose to another compartment.

The plaintiff, a Kings County resident, commenced the instant action against the defendant in Supreme Court, Kings County, to recover damages for personal injuries which he allegedly sustained when he slipped and fell. Following a trial, the jury returned a verdict finding, *inter alia*, that the defendant was negligent. The jury found that the defendant was 95% at fault in the happening of the accident, and the plaintiff was 5% at fault. The jury also found that the plaintiff's total damages were $8,000,000. Upon the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence or to reduce the damages, the trial court, *inter alia*, granted the motion to the extent that it ordered a new trial on damages unless the plaintiff stipulated to reduce the award of damages. A judgment dated March 13, 2000, was entered reflecting the reduced award.

On appeal, the defendant contends, *inter alia*, that the judgment should be reversed and the complaint dismissed because the plaintiff failed to introduce evidence to support the jury verdict. It claims that the plaintiff cannot recover because he was aware of the puddle of diesel fuel before he stepped in it. The defendant's contention is without merit. The plaintiff and the defendant are domiciled in different states. Therefore, under New York's choice of law rules, the law of the situs of the injury, New Jersey in this case, generally applies (*see, Neumeier v Kuehner,* 31 NY2d 121; *Aviles v Port Auth.,* 202 AD2d 45, 46). New Jersey law does not bar the plaintiff from recovery because he knew of the hazard under the circumstances of this case. "Rather the issue would be whether [the plaintiff] acted as a reasonably prudent man in view of that known risk" (*McGrath v American Cyanamid Co.,* 41 NJ 272,

275, 196 A2d 238, 240; *see, Meistrich v Casino Arena Attractions,* 31 NJ 44, 55, 155 A2d 90).

We agree with the defendant, however, that the judgment should be reversed and a new trial ordered. While the apportionment of fault is generally a matter for the jury, in this case the jury's apportionment of 95% of the fault in the happening of the accident to the defendant and 5% to the plaintiff was not based on a fair interpretation of the evidence and must be set aside (*see, Walker v Zdanowitz,* 265 AD2d 404, 405; *Glassman v City of New York,* 225 AD2d 658, 660). The plaintiff testified that he knew that diesel fuel is slippery, that he saw the puddle of diesel fuel as he was filling the truck, that the puddle was "very close," and that he intentionally stepped into the puddle of diesel fuel. Under these circumstances, a fair interpretation of the evidence does not support the jury's determination that the plaintiff was only 5% at fault in the happening of the accident. Therefore, we reverse the judgment and remit the matter for a new trial.

In light of this determination, we do not consider the issue of whether the damages award was excessive. Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.