**Sandra KANE, Plaintiff–Appellant,**

v.

**COMEDY PARTNERS, et al.,
Defendants–Appellees.**

No. 03–9136.

United States Court of Appeals,
Second Circuit.

June 4, 2004.

Gregory A. Frantz, Milbank, Tweed, Hadley & McCloy LLP (Parker H. Bagley), New York, NY, for Appellant, of counsel.

Elizabeth A. McNamara, Davis Wright Tremaine, LLP (Jeffrey H. Blum), New York, NY, for Appellees, of counsel.

PRESENT: VAN GRAAFEILAND, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

The defendant The Daily Show, owned by defendant Comedy Partners, excerpted a five-to-six-second piece from plaintiff Sandra Kane's public access television show for use in its segment "Public Excess," a mocking review of public access television generally. Kane sued, alleging copyright infringement, trademark infringement, and a violation of Section 51 of the New York Civil Rights Law. The district court granted summary judgment to the defendants on all three claims, concluding that the defendants' use of Kane's material was a non-infringing fair use, that there was no likelihood of confusion to support a claim under the Lanham Act, and that The Daily Show's use fell within the "newsworthiness" exception of section 51. *Kane v. Comedy Partners*, 2003 WL 22383387, 2003 U.S. Dist. LEXIS 18513 (Oct. 16, 2003 S.D.N.Y.). We agree.

We review a grant of summary judgment *de novo*. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000). We resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Id.* Only if there are no genuine issues of material fact can we affirm. *Id.* Summary judgment is proper where, as here, fair use is at issue so long as the facts in dispute would not "affect the ultimate decision on the fair use question even if resolved in plaintiff's favor." *Maxtone–Graham v. Burtchaell*, 803 F.2d 1253, 1259 (2d Cir.1986). The court must grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative, or not significantly probative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Applying these principles, we conclude that the district court accurately applied well-established Supreme Court and Second Circuit law in granting summary judgment to the defendants. For substantially the reasons set forth by the district court in its thorough and well-reasoned opinion,

the judgment of the district court is hereby AFFIRMED.