■ ESP Financial Services, LLP, Respondent, v Erick Vielot, Appellant. [794 NYS2d 337]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about July 7, 2004, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Pursuant to an agreement dated November 24, 1997, which provided for 60 payments to be made over a 60-month term, AT&T Capital Leasing Services leased auto emissions testing equipment to defendant. In February 1999, AT&T assigned the lease to plaintiff. In a letter dated September 2, 1999, after defendant stopped making payments under the lease, plaintiff notified defendant of his "default under the above referenced Leases as a result of your failure to remit rents payable under the Leases within 10 days of the due dates thereof. Because of this default, all sums owed under the Leases are hereby declared immediately due and payable." The letter stated further that plaintiff was "willing to deem the default cured and reinstate the terms and conditions of the Leases" provided defendant pay plaintiff the delinquent amount ($3,685.78) within 10 days, and if defendant did "not comply with the demands set forth in this letter, [plaintiff] intends to exercise any and all remedies available." On February 25, 2000, plaintiff repossessed the equipment, and thereafter, on or about September 24, 2003, commenced this action, seeking $36,298.36, which included, inter alia, back rent, the accelerated balance and late charges, plus attorneys' fees.

On October 23, 2003, defendant moved to dismiss the complaint on statute of limitations grounds, noting that under UCC 2-A-506, the limitations period for an action for default under a lease contract is four years, which commences when the

default is or should have been discovered. Defendant argued that since his default had been declared on September 2, 1999, the date of the letter, and since the suit was filed on September 24, 2003, more than four years later, the action was untimely.

In opposition, plaintiff noted the provisions in the lease that it would be governed by Massachusetts law, and that "TO THE EXTENT PERMITTED BY APPLICABLE LAW, [DEFEN-DANT] WAIVE[S] ANY AND ALL RIGHTS AND REMEDIES CONFERRED UPON A LESSEE BY ARTICLE 2A." Accordingly, plaintiff urged, defendant had waived the "rights" accorded to him under UCC 2-A-506, and the action would thus be governed by Massachusetts's six-year statute of limitations for actions founded on contract (Massachusetts Gen Laws, ch 260, § 2) rather than the four-year period under the UCC. Plaintiff also asserted that even if the four-year statute of limitations applied, the action is not time-barred because each failure to make payment due under the lease gave rise to a new obligation and established a new limitations period.

Supreme Court denied defendant's motion, concluding that a "plain reading of the lease shows that the parties intended to apply Massachusetts law to any disputes and, pursuant to Massachusetts law, the within action is subject to a six year statute of limitations." We reverse and dismiss the complaint.

As noted, article 2-A of the Uniform Commercial Code (Leases), which is the law in both New York and Massachusetts, requires that an action for default under a lease be commenced within four years of its accrual. Since the action accrued, at the latest, on September 2, 1999, when plaintiff notified defendant of his default,* plaintiff can escape the consequences of this limitations period only by relying on the lease provision under which defendant "WAIVE[D] ANY AND ALL RIGHTS AND REMEDIES CONFERRED UPON [HIM] BY ARTICLE 2A." In our view, while, from defendant's perspective, Massachusetts's four-year statute of limitations under article 2-A is more advantageous than the six-year statute that otherwise applies to actions founded on contract, the benefit defendant would gain from the shorter period of section 2-A-506 cannot be considered a "right" or "remedy" under article 2-A. First it should be emphasized that the provision plaintiff relies on is not an ex-

---

* While plaintiff has not submitted a brief on this appeal, it argued in opposition to the motion that, for statute of limitations purposes, a new claim arose upon each failure to make a payment required by the lease. This contention is without merit. While a default under the lease occurs upon each failure to make a payment within 10 days of its due date, upon any default, the lessor may accelerate all payments due.

plicit waiver of article 2-A's statute of limitations, but rather a waiver of the rights and remedies article 2-A confers. Moreover, the four-year statute cannot be considered a right or remedy since, standing alone, it is of no benefit to a defendant; it is only beneficial by comparison to the longer statute otherwise applicable to breach of contract actions. Significantly, article 2-A contains various provisions expressly referring to a lessee's "rights" and "remedies" (see e.g. UCC 2-A-309 ["Lessee's Rights When Goods Become Fixtures"], 2-A-310 ["Lessee's Rights When Goods Become Accessions"], 2-A-508 ["Lessee's Remedies"], 2-A-509 ["Lessee's Rights on Improper Delivery"], 2-A-521 ["Lessee's Right to Specific Performance or Replevin"], 2-A-522 ["Lessee's Right to Goods on Lessor's Insolvency"]), and there is no basis for concluding that the statute of limitations is among these "rights" or "remedies." Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.