■ CLAIRE WALTER, Respondent, v NBC TELEVISION NETWORK, INC., Subsidiary of NBC UNIVERSAL and THE TONIGHT SHOW, et al., Appellants. [811 NYS2d 521]—

Appeals from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered April 28, 2005. The order, among other things, denied the motion of defendant Dorschel Automotive Group, Inc. for summary judgment and denied in part the motion of defendants NBC Universal, Inc. (incorrectly sued as NBC Television Network, Inc., subsidiary of NBC Universal, and The Tonight Show) and Jay Leno to dismiss the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants NBC Universal, Inc. (incorrectly sued as NBC Television Network, Inc., subsidiary of NBC Uni-

versal, and The Tonight Show) and Jay Leno in its entirety and dismissing the complaint against those defendants and by granting the motion of defendant Dorschel Automotive Group, Inc. in part and dismissing the third cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against her former employer, defendant Dorschel Automotive Group, Inc. (Dorschel), and defendants NBC Universal, Inc. (incorrectly sued as NBC Television Network, Inc., subsidiary of NBC Universal, and The Tonight Show) and Jay Leno (NBC defendants), after Jay Leno displayed her photograph as part of a comedic "Headlines" segment on The Tonight Show. Plaintiff asserted causes of action for the violation of Civil Rights Law §§ 50 and 51 and intentional infliction of emotional distress. Supreme Court granted in part the motion of the NBC defendants to dismiss the complaint for failure to state a cause of action by dismissing the third cause of action, for intentional infliction of emotional distress, against them. The court denied the motion of Dorschel for summary judgment dismissing the complaint against it.

We agree with the NBC defendants that the court erred in denying that part of their motion to dismiss the Civil Rights Law cause of action against them, and we therefore modify the order accordingly. Sections 50 and 51 are "to be narrowly construed and 'strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person'" (*Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000], *cert denied* 531 US 818 [2000], quoting *Finger v Omni Publs. Intl.*, 77 NY2d 138, 141 [1990]; *see Colon v City of Rochester*, 307 AD2d 742, 744 [2003], *appeal dismissed and lv denied* 100 NY2d 628 [2003]). Here, the use of plaintiff's photograph by the NBC defendants was not strictly limited to a commercial appropriation, and thus the use of the photograph does not fall within the ambit of those sections of the Civil Rights Law (*see Messenger*, 94 NY2d at 441; *see also Stephano v News Group Publs.*, 64 NY2d 174, 185-186 [1984]). In addition, sections 50 and 51 of the Civil Rights Law "do not apply to reports of newsworthy events" (*Messenger*, 94 NY2d at 441), and the issue whether an item is newsworthy is a question of law to be determined by the court (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 140-141 [1985]; *Glickman v Stern*, 19 Media L Rptr 1769, 1775-1776, *affd* 188 AD2d 387 [1992]). Newsworthiness is to be broadly construed (*see Messenger*, 94 NY2d at 441) and "liberally applied" (*Finger*, 77 NY2d at 143). A performance involving comedy and satire may fall within the ambit of the newsworthi-

ness exception even if the performance is not related "to a 'legitimate' news broadcast [or event]" (*Glickman*, 19 Media L Rptr at 1775; *see De Gregorio v CBS, Inc.*, 123 Misc 2d 491, 493 [1984]; *Paulsen v Personality Posters*, 59 Misc 2d 444, 448 [1968]; *see also Kane v Comedy Partners*, 2003 WL 22383387, 2003 US Dist LEXIS 18513 [SD NY], *affd* 98 Fed Appx 73 [2004]). We conclude that the comedic component of the newsworthiness exception applies here. We have examined the remaining contentions of plaintiff in support of her Civil Rights Law cause of action against the NBC defendants and conclude that they are lacking in merit.

With respect to Dorschel, however, we conclude that the court properly denied that part of its motion for summary judgment dismissing the Civil Rights Law cause of action against it. Dorschel failed to establish as a matter of law that it did not submit plaintiff's photograph, which bore a caption listing the name of its business, its area code, and part of its telephone number, to the NBC defendants "for advertising purposes, or for the purposes of trade" (Civil Rights Law § 50). We reject Dorschel's contention that, if the newsworthiness exception applies to the NBC defendants, then that exception must also apply to Dorschel. If Dorschel did indeed submit the photograph for its own advertising purposes, Dorschel is not entitled to the protection available to the NBC defendants under the newsworthiness exception (*see generally Arrington v New York Times Co.*, 55 NY2d 433, 442-443 [1982], *rearg denied* 57 NY2d 674, 57 NY2d 669 [1982], *cert denied* 459 US 1146 [1983]). We agree with Dorschel, however, that the court erred in denying that part of its motion for summary judgment dismissing the cause of action for intentional infliction of emotional distress against it. The complaint does not contain the requisite allegations that Dorschel engaged in conduct that is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). We therefore further modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Green and Hayes, JJ. [*See* 7 Misc 3d 1026(A), 2005 NY Slip Op 50754(U) (2005).]