■ ROSEMARIE ARONITZ, Appellant, v PRICEWATERHOUSECOOPERS LLP et al., Respondents. [812 NYS2d 504]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 8, 2004, which granted defendants' motions to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff, a Canadian resident, instituted this action against the Canadian company she worked for and her supervisor, a Canadian resident, alleging quid pro quo and hostile work environment sexual harassment. The court properly determined that New York's borrowing statute (CPLR 202), which requires the cause of action brought by a nonresident that accrues outside New York to be timely under the limitation periods of both New York and the jurisdiction where the cause accrued (*see Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999]), applies to this case, and the one-year Canadian statute of limitations bars plaintiff's claims (*see* Alberta Human Rights, Citizenship and Multiculturalism Act, RSA 2000, ch H-14, § 20 [2]). Although plaintiff contends that the borrowing statute does not apply because her claims did not accrue until she submitted to her supervisor's sexual advances in New York City in September of 2000, the statements she made in her pleadings, that her supervisor began pressuring her to have sexual relations with him "as soon as" he became her supervisor in Canada in May of 2000, constitute formal judicial admissions (*Bogoni v Friedlander*, 197 AD2d 281, 291-292 [1994], *lv denied* 84 NY2d 803 [1994]), and establish that her quid pro quo claim accrued at that time (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44 [1996], *lv denied* 89 NY2d 809 [1997]; *and see Global Fin. Corp.*, 93 NY2d 525 [1999], *supra*).

In light of the foregoing, we do not reach defendants' alternate contentions. Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.