Rose, J.
Appeal from a judgment of the Supreme Court (Williams, J), entered March 7, 2008 in Saratoga County, which, among other things, denied plaintiffs motion for summary judgment.
Defendant Catherine Remillard, the president of defendant Klines Mobil Mart, Inc., personally guaranteed payment on the lease of an automated teller machine to Klines by plaintiffs *1096 predecessor in interest. Klines agreed to make 60 payments over the lease’s 60-month term beginning in March 2001. On October 25, 2007, plaintiff commenced this action alleging that Klines had made no payments under the lease since July 14, 2003, that plaintiff had accelerated the entire unpaid balance, and that it is owed a principal amount equal to 56 monthly payments, plus interest on that amount from July 14, 2003. Plaintiff later moved for summary judgment on its claim and requested a default judgment against Klines based upon Klines’ failure to appear or answer. Remillard cross-moved for dismissal pursuant to CPLR 3211 (a) (5) on the ground that plaintiffs cause of action is barred by the statute of limitations. Instead, Supreme Court dismissed the action against Remillard on the ground that the lease was unconscionable, although neither plaintiff nor Remillard raised the issue. Plaintiff appeals.
While we agree with plaintiff that New York law precludes the granting of summary judgment on a ground other than that raised by a moving party in its motion (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; WFR Assoc. v Memorial Hosp., 14 AD3d 840, 841-842 [2005]; White v La France, 203 AD2d 765, 766-767 [1994], lv dismissed 84 NY2d 977 [1994]), nonetheless, Remillard’s cross motion for dismissal based on the statute of limitations should have been granted. UCC 2-A-506 (1) specifies a four-year limitations period for an action for default under a lease of goods, and plaintiffs claim accrued more than four years before it commenced this action (see UCC 2-A-506 [2]).* The verified complaint alleges that defendants owe a principal amount equal to 56 monthly payments. The record further shows that the entire unpaid balance was accelerated on July 14, 2003. This is clear from plaintiffs allegation of acceleration in the verified complaint and its claim to interest from July 14, 2003 upon a principal equal to 56 payments, inasmuch as only 24 past payments would have been unpaid and due as of that date if there had been no acceleration. These allegations by plaintiff constitute a formal judicial admission to which it is bound in the absence of a contrary explanation (see Aronitz v PricewaterhouseCoopers LLP, 27 AD3d 393, 394 [2006]; Weinstock v Handler, 254 AD2d 165, 170 [1998]; Bogoni v Friedlander, 197 AD2d 281, 291-292 [1994]; People v Norwegian Underwriters, 228 App Div 737, 738 [1930]). *1097 While plaintiffs attorney argues that acceleration did not occur, he offers no retraction or explanation of the complaint’s contrary allegations. We must conclude that the acceleration occurred no later than July 14, 2003, the claim for the entire amount accrued on that date and the action is untimely because plaintiff did not commence it until October 25, 2007, more than four years later.
Nor can we agree with plaintiffs contention that Remillard waived application of the statute of limitations. Although defendants did expressly waive “any and all rights and remedies conferred” by UCC article 2-A, it is well settled that a statute of limitations is not waived by such a lease provision (see Tanges v Heidelberg N. Am., 93 NY2d 48, 54-56 [1999]; ESP Fin. Servs., LLP v Vielot, 18 AD3d 208, 210 [2005]; Education Resources Inst., Inc. v Piazza, 17 AD3d 513, 514 [2005]).
We must agree, however, that Supreme Court should have granted plaintiffs unopposed application for a default judgment against Klines.
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by granting plaintiffs motion for a default judgment against defendant Klines Mobil Mart, Inc., and, as so modified, affirmed.

 Although California law was the governing law specified in the lease, California has adopted the equivalent of UCC 2-A-506 (see Cal Com Code § 10506), and the result would be the same if its laws, rather than New York’s, were applied. We apply the law of the forum, however, because we view statutes of limitations to be procedural (see Tanges v Heidelberg N. Am., 93 NY2d 48, 54-55 [1999]).