OPINION OF THE COURT
Robert J. Muller, J.
Plaintiff was convicted in 2006 of the murder of his father and attempted murder of his mother while they slept in their home. He is currently serving a sentence of 50 years to life in prison. Upon learning that defendant planned to broadcast a movie depicting the events surrounding his crimes and his subsequent prosecution, plaintiff commenced this action alleging a violation of Civil Rights Law § 50 and seeking injunctive relief pursuant to Civil Rights Law § 51. Plaintiff then filed a motion for a preliminary injunction prohibiting defendant from broadcasting the movie pending the outcome of this action. Plaintiff also sought a temporary restraining order pending the return date of the motion. While this court granted the temporary restraining order, it was subsequently vacated on appeal (see Porco v Lifetime Entertainment Servs., LLC, 116 AD3d 1264, 1267 [2014]). Plaintiff later withdrew his motion for a preliminary injunction. The movie premiered for a national television audience on March 23, 2013 and, since then, has been rebroadcast from time to time. Presently before the court is defendant’s motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]).
“[T]he standard to be applied on a motion to dismiss for failure to state a cause of action is both familiar and well settled — ‘[the court] must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory’ ” (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [2015], quoting He v Realty USA, 121 AD3d 1336, 1339 [2014]; see People v Coventry First LLC, 13 NY3d 108, 115 [2009]).
Civil Rights Law § 50 provides that use of the “name, portrait or picture of any living person” for “advertising purposes, or for the purposes of trade” absent written consent is a misdemeanor. Civil Rights Law § 51 then authorizes a civil action for injunctive relief and damages if a defendant acts knowingly in violation of Civil Rights Law § 50. To state a cause of action under Civil Rights Law § 51, plaintiff must allege that his name, *421 portrait or picture was used without his written consent for purposes of advertising or trade (see Messenger v Gruner + Jahr Print. & Publ., 94 NY2d 436, 441 [2000], resolved issue certified 208 F3d 122 [2d Cir 2000], cert denied 531 US 818 [2000]; Kane v Orange County Publs., 232 AD2d 526, 526-527 [1996], lv denied 89 NY2d 809 [1997]; Griffin v Harris, Beach, Wilcox, Rubin & Levey, 112 AD2d 514, 515 [1985]). “Use for ‘advertising purposes’ and use ‘for the purposes of trade’ are separate and distinct statutory concepts and violations” (Beverley v Choices Women’s Med. Ctr., 78 NY2d 745, 751 [1991]; see Flores v Mosler Safe Co., 7 NY2d 276, 284 [1959]). Use for advertising purposes “has been defined as ‘use in, or as part of, an advertisement or solicitation for patronage of a particular product or service’ ” (Kane v Orange County Publs., 232 AD2d at 527, quoting Beverley v Choices Women’s Med. Ctr., 78 NY2d at 751; see Flores v Mosler Safe Co., 7 NY2d at 284). Use for trade purposes “is more difficult to define, and involves use which would draw trade to the firm” (Kane v Orange County Publs., 232 AD2d at 527 [citation omitted]; see Flores v Mosler Safe Co., 7 NY2d at 284; Davis v High Socy. Mag., 90 AD2d 374, 379 [1982], appeal dismissed 58 NY2d 1115 [1983]).
“It has long been recognized that use of a name or picture by the media in connection with a newsworthy item is protected by the First Amendment and is not considered a use for purposes of trade within the ambit of the Civil Rights Law” (Davis v High Socy. Mag., 90 AD2d at 379; see Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 441-442). “This is true irrespective of the fact that such publications are carried on largely, and even primarily, to make a profit” (id.; see Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 442). While the newsworthiness exception “is to be broadly construed” (Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 441; see Walter v NBC Tel. Network, Inc., 27 AD3d 1069, 1070 [2006], lv denied 7 NY3d 703 [2006]; Bement v N.Y.P. Holdings, 307 AD2d 86, 90 [2003], lv denied 100 NY2d 510 [2003]), “in the rare case of an article purporting to be newsworthy but in fact ‘so infected with fiction, dramatization or embellishment that it cannot be said to fulfill the purpose of the newsworthiness exception,’ this exception will not apply” (Alfano v NGHT, Inc., 623 F Supp 2d 355, 359 [ED NY 2009], quoting Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 446; see Edme v Internet Brands, Inc., 968 F Supp 2d 519, 529 [ED NY 2013]).
Here, the complaint alleges, in pertinent part:
*422 “That . . . plaintiff was convicted of murder and attempted murder in Orange County Supreme Court. . . . The crimes that led to the trial, and the trial itself were subject to extensive media coverage. . . .
“That [defendant] is engaged in the production and planned widespread telecasting . . . of a ‘made for T.V.’ movie entitled: ‘Romeo Killer: The Christopher Porco Story.’ (The ‘MOVIE’) ....
“That the ‘MOVIE’ is a knowing and substantially fictionalized account, ‘Inspired by a true story,’. . . about plaintiff and the events that led to his incarceration. Upon information and belief defendant is utilizing a screenplay, and has retained the services of actors to portray plaintiff and others, and in so doing appropriates plaintiff’s name, likeness, and personality for purposes of profit. . . .
“The use by defendant of plaintiff’s name, likeness, and personality for purposes of trade, advertising and commercial benefit, was without the consent, written or oral, of plaintiff or anyone authorized to give such consent, was entirely unauthorized, and constitutes a violation of sections 50 and 51 of the Civil Rights Law of the State of New York.”
While plaintiff includes the perfunctory allegations that defendant used his name for purposes of advertising and trade without his consent, his description of the movie demonstrates quite the opposite. Plaintiffs name was not used for advertising purposes, nor was it used for purposes of trade. Indeed, the movie falls squarely within the newsworthiness exception. Plaintiff himself establishes this fact when he admits in the opening paragraphs of the complaint that the trial was covered extensively by the media. The record reveals coverage not only at the local level, but nationally as well, with the story having been featured on an episode of 48 Hours. Moreover, while plaintiff alleges that the movie is a “substantially fictionalized account” of his story, nowhere does he allege that the movie is so infected with fiction, dramatization or embellishment that it cannot be said to fulfill the purpose of the newsworthiness exception. Plaintiff attempts to equate his case to Binns v Vitagraph Co. of Am. (210 NY 51 [1913]) and Spahn v Julian Messner, Inc. (21 NY2d 124 [1967]). In those cases, however, “defendants invented biographies of plaintiffs’ lives,” leaving “[t]he courts [to] conclude [ ] that the substantially fictional works at *423 issue were nothing more than attempts to trade on the persona of Warren Spahn or John Binns” (Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 446; see Spahn v Julian Messner, Inc., 21 NY2d at 127; Binns v Vitagraph Co. of Am., 210 NY at 58). Plaintiff includes no allegations whatsoever to suggest that defendant invented a biography of his life or wholly imagined the events at issue in an attempt to trade on his persona (compare Spahn v Julian Messner, Inc., 21 NY2d at 127-128; Binns v Vitagraph Co. of Am., 210 NY at 56). Even construing the complaint liberally and according plaintiff the benefit of every favorable inference, the court finds that he has failed to state a cause of action for violation of Civil Rights Law § 51 (see Bement v N.Y.P. Holdings, 307 AD2d at 90-91; Kane v Orange County Publs., 232 AD2d at 527; Griffin v Harris, Beach, Wilcox, Rubin & Levey, 112 AD2d at 515-516).
Based upon the foregoing, defendant’s motion is granted in its entirety and the complaint dismissed.