■ DANIEL EDWARD SONDIK, Also Known as DOVID YEHUDA SONDIK, Appellant, v JAMES C. KIMMEL, Also Known as JIMMY KIMMEL, et al., Respondents. [16 NYS3d 296]—

In an action, inter alia, to recover damages pursuant to Civil Rights Law §§ 50 and 51 for invasion of the plaintiff's right of privacy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 14, 2011, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, third, and fifth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action seeking to recover damages for the nonconsensual use of a video clip of himself, which was used in a segment of the Jimmy Kimmel Live television show. In relevant part, the plaintiff asserted causes of action alleging violations of California Civil Code § 3344, California's common law governing appropriation of likeness, and New York Civil Rights Law §§ 50 and 51, and to recover damages for unjust enrichment.

The plaintiff's contention that the Supreme Court erred in determining that New York law governed this action, not California law, is without merit. New York uses an interest analysis, under which "the law of the jurisdiction having the greatest interest in resolving the particular issue" is given controlling effect (*Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *see Schultz v Boy Scouts of Am.*, 65 NY2d 189, 196-197 [1985]; *Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994]). Pursuant to the interest analysis, "[a] distinction [is made] between laws that regulate primary conduct (such as standards of care) and those that allocate losses after the tort occurs" (*Cooney v Osgood Mach.*, 81 NY2d at 72; *see Padula v Lilarn Props. Corp.*, 84 NY2d at 521). If the conflicting laws regulate conduct, the law of the place of the tort "almost invariably obtains" because "that jurisdiction has the greatest interest in regulating behavior within its borders" (*Cooney v Osgood Mach.*, 81 NY2d at 74, 72). "[W]here the plaintiff and defendant are domiciled in different states, the applicable law in an action where civil remedies are sought for tortious conduct is that of the situs of the injury" (*Locke v Aston*, 31 AD3d 33, 38 [2006], citing *Stoyanovskiy v Amerada Hess Corp.*, 286 AD2d 727, 728 [2001]; Restatement [Second] of Conflict of Laws § 153, Comment *d*).

Applying these principles, the law of New York, where the alleged injury or damage occurred, applies. Although the alleged tortious conduct, the editing of the video clip, occurred in California, the plaintiff's alleged injury occurred in New York, where he is domiciled and resides. Moreover, New York is the state with the greater interest in protecting the plaintiff, its citizen and resident. Accordingly, since this action is governed by New York law, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first cause of action, which alleged violation of California Civil Code § 3344, and the second cause of action, which alleged violation of California's common law governing appropriation of likeness.

Contrary to the plaintiff's contentions, the Supreme Court properly determined that the third cause of action, which was to recover damages pursuant to Civil Rights Law §§ 50 and 51 for invasion of the right of privacy, was subject to dismissal for failure to state a cause of action, since the video footage in which the plaintiff's voice, picture, and likeness appeared was not used for advertising or trade purposes (*see Kane v Orange County Publs.*, 232 AD2d 526, 526-527 [1996]; *Hampton v Guare*, 195 AD2d 366, 366 [1993]). Moreover, the video footage falls within the public interest exception to Civil Rights Law §§ 50 and 51 (*see Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000]; *Freihofer v Hearst Corp.*, 65 NY2d 135, 141 [1985]; *Walter v NBC Tel. Network, Inc.*, 27 AD3d 1069, 1070-1071 [2006]).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the fifth cause of action, which was to recover damages for unjust enrichment. Common-law unjust enrichment claims for the unauthorized use of an image or likeness are preempted by Civil Rights Law §§ 50 and 51 (*see Grodin v Liberty Cable*, 244 AD2d 153, 154 [1997]; *Hampton v Guare*, 195 AD2d at 366-367).

In light of our determination, we need not address the parties' remaining contentions. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur. 