Richardson v Proctor & Gamble Co. (2022 NY Slip Op 05622)

Richardson v Proctor & Gamble Co.

2022 NY Slip Op 05622

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Kennedy, Pitt, JJ. 

Index No. 650734/19 Appeal No. 16345 Case No. 2022-00620 

[*1]Thurayyah Z. Richardson, Plaintiff-Appellant,
v
The Proctor and Gamble Company et al., Defendants-Respondents.

Marion & Allen, P.C., New York (Roger K. Marion of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Damani C. Sims of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about September 15, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff's claim that Abrams Artists Agency (AAA) breached an oral agreement in which she limited the scope of AAA's authority to sign a modeling release with P&G on her behalf fails because she is bound by her allegations in the complaint, which "constitute formal judicial admissions," that she signed a voucher with AAA in which she authorized the use of her image for the P&G hair products at issue (Aronitz v PricewaterhouseCoopers LLP, 27 AD3d 393, 394 [1st Dept 2006]). Plaintiff's evidence also fails to raise a genuine factual dispute as to AAA's authority to enter the P&G agreement on her behalf, given that she identified AAA as her agent, testified to participating in the photo shoot with knowledge that AAA had arranged it with P&G to create images for use on its products, and acknowledged receipt of payments for the relevant periods as brokered by AAA, which retained a 20% commission each time (see Cory v Nintendo of Am., 185 AD2d 70, 72 [1st Dept 1993]).
Plaintiff's contract claims against P&G and Coty premised on an alleged oral agreement with P&G also fail because the complaint contains no allegations of any oral agreement. Plaintiff's deposition testimony about the alleged oral agreement, given two years after the initiation of this action, is "insufficient to raise any issues of fact, because it improperly raise[s] a new theory of liability for the first time in opposition to summary judgment" and "offer[s] a distinct and conflicting theory" of recovery (Marti v Rana, 173 AD3d 576, 577 [1st Dept 2019], lv denied 34 NY3d 906 [2019]; see also Ruiz v Reiss, 180 AD3d 623, 623 [1st Dept 2020]).
Summary judgment was appropriate as to plaintiff's unjust enrichment claim. Sections 50 and 51 of the New York Civil Rights law preempt common-law claims based on the unauthorized use of a person's image, including unjust enrichment claims (see Hampton v Guare, 195 AD2d 366, 366-367 [1st Dept 1993], lv denied 82 NY2d 659 [1993]; Grodin v Liberty Cable, 244 AD2d 153, 154 [1st Dept 1997]).
Plaintiff's claims under §§ 50 and 51 of the Civil Rights Law were properly dismissed as barred by the one-year statute of limitations (see CPLR 215[3]). Under the single publication rule, the statute of limitations began to run in 2014, when "the offending material [was] first published," and plaintiff did not file this lawsuit until 2019 (Nussenzweig v diCorcia, 9 NY3d 184, 188 [2007]; see also Costanza v Seinfeld, 279 AD2d 255, 255-256 [1st Dept 2001]). To the extent plaintiff's claim "concerns offending material published within one year of the date this action was filed" (Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 435 [1st Dept 2010]), it is undisputed that defendants were no longer in possession of plaintiff's image in a commercial capacity [*2]for more than a year before plaintiff filed this lawsuit.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022