23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Devs., LLC (2025 NY Slip Op 00145)

23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Devs., LLC

2025 NY Slip Op 00145

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 117303/08 Appeal No. 3459-3460-3461 Case No. 2023-05741 2023-05791 2024-01217 

[*1]23 East 39th Street Management Corporation, Plaintiff-Appellant,
v
23 East 39th Street Developers, LLC, Defendant-Respondent, Bruce Benjamin Also Known as Behrouz Benaminpour etc., et al., Defendants.
23 East 39th Street Developers, LLC, Third-Party Plaintiff-Respondent,
v
Allen Gutterman, Third-Party Defendant-Appellant.

Cox Padmore Skolnik & Shakarchy LLP, New York (Stefan B. Kalina of counsel), for appellants.
Leech Tishman Robinson Brog, PLLC, New York (Matthew Cono Capozzoli of counsel), for respondent.

Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered January 12, 2024, awarding damages in favor of plaintiff, and bringing up for review an order, same court (Jeremy R. Feinberg, Special Referee), entered on or about November 17, 2022, which calculated the respective amounts due to the parties and awarded damages to plaintiff, and an order, same court and Justice, entered on or about October 13, 2023, which granted defendant 23 East 39th Street Developers, LLC's motion to enter judgment in the form submitted to the court and precluded plaintiff from submitting a competing judgment, unanimously affirmed, without costs. Appeals from the aforementioned orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The judgment is proper and need not be modified. We reject plaintiff's argument that under CPLR 5011, the judgment must contain a statement regarding a Supreme Court, New York County order entered June 23, 2011 — specifically, a statement that the June 23, 2011 order terminated the lease on January 15, 2009 — so that defendant cannot mislead the court in the parties' related Supreme Court, Nassau County action. On the contrary, as Supreme Court correctly found, "it is improper to include findings of fact or conclusions of law in the judgment" (Hidalgo v 4-34-68, Inc., 117 AD3d 798, 801 [2d Dept 2014]). For the same reason, the Special Referee acted properly and within the scope of the reference in declining to include in his calculation of damages a statement that the lease was terminated as of January 15, 2009.
Plaintiff has failed to identify any need or proper basis to modify Supreme Court, New York County's June 2011 order. Furthermore, although this Court is "fully empowered to vacate or modify its own order" (Sayre v Hoey, 113 AD3d 482, 482 [1st Dept 2014]), plaintiff has not articulated any basis for us to clarify our December 29, 2015 order, which reversed and vacated a February 3, 2015 judgment awarding damages to the landlord (see 23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Dev., LLC, 134 AD3d 629 [1st Dept 2015]). This conclusion holds especially true in light of the fact that the orders were entered so many years ago.
Although, as plaintiff asserts, defendant "is bound by [the] allegations in the [pleadings], which constitute formal judicial admissions" (Richardson v Proctor and Gamble Co., 209 AD3d 455, 456 [1st Dept 2022], lv denied 39 NY3d 913 [2023], cert denied —US — , 144 S Ct 627 [2024] [internal quotation marks omitted]), the resolution of this action does not require a specific finding of whether the lease was properly terminated in order for the claims and counterclaims to be finally determined and reduced to a judgment. Moreover, nothing in the Second Department's 2019 decision in the Nassau County action, which the landlord commenced against the tenant and the guarantor in 2015, precludes plaintiff from raising its factual contentions and legal arguments that may [*2]bear on the amounts at issue in that action.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025